## J. A. RUSSELL, Respondent, v. A. J. POOR, Appellant.

**Kansas City Court of Appeals, December 7, 1908.**

1. **REAL ESTATE BROKER: Procuring Cause: Evidence: Other Broker: Appellate Practice.** Where on conflicting evidence the jury find that the plaintiff was instrumental in bringing about an exchange of real estate, the appellate court can not consider the objection of a want of evidence and that another agent was the procuring cause of the transfer though it is necessary for a broker to show that his acts are the procuring cause and not merely one in the chain of causes producing the contract.

2. —————: **Writing: City of 300,000: Judicial Notice.** Courts will take judicial notice that under the last census Kansas City had less than 300,000 inhabitants, and will not require a real estate broker in a suit to recover his commissions to show he had authority in writing to sell the real estate.

#### On Rehearing.

3. —————: **Procuring Cause: Conflicting Instruction.** An instruction authorizing a recovery of his commission by a real estate broker is condemned, since it fails to submit an hypothesis that a broker was the procuring cause of the sale; and the error is not cured by a proper instruction given for the defendant, since they are conflicting and the presumption is the jury followed the former and not the latter.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

REVERSED AND REMANDED.

*Sherman & Fletcher* for appellant.

(1) The court erred in not giving the peremptory instruction requested by the defendant. Mo. Ann. Stat. 1906, sec. 1993; Rothwell v. Gibson, 121 Mo. App. 279. (2) It has been held in Missouri that before a real estate broker is entitled to a commission for the sale or exchange of property, it is necessary that his acts must be the procuring and inducing cause and that it will not

suffice for his act to be merely one of the chain of causes producing the contract. Stinde v. Belsch. 42 Mo. App. 578; Ramsey v. West, 31 Mo. App. 676; Polland v. Banks, 67 Mo. App. 187; Wright & Orrison v. Brown, 68 Mo. App. 577; Crowley v. Summerville, 70 Mo. App. 376; Hogan v. Slade, 98 Mo. App. 44; Brennan v. Roach, 47 Mo. App. 297; Henderson v. Mays, 64 Mo. App. 393; Tyler v. Parr, 52 Mo. 249; Timberman v. Craddock, 70 Mo. 638; Bell v. Kaiser, 50 Mo. 150; Woods v. Stephens, 46 Mo. 555; Bass v. Jacobs, 63 Mo. App. 393; Jones v. Berry, 37 Mo. App. 130; Millan v. Porter, 31 Mo. 576. (3) The court erred in giving instructions one and two requested by plaintiff. (4) The court erred in refusing to give defendant's instruction numbered 6.

*Kinley & Kinley* for respondent.

(1) The question of the sufficiency of the evidence to support the verdict will not be reviewed by the appellate court where it appears that all the evidence is not included in the bill of exceptions. Davis v. Vories, 141 Mo. 234; Reed v. Peck, 163 Mo. 333; Williams v. Stroub, 168 Mo. 355; Epstein v. Clothing Co., 67 Mo. App. 221; Oglebay v. College Dental Surgery, 71 Mo. App. 339. (2) The plaintiff having been employed to secure a party with whom an exchange could be secured for defendant's house, secured such a party with whom defendant traded, hence plaintiff has earned his commissions. Nichols v. Whitacre, 112 Mo. App. 692. (3) Kansas City, Missouri, at last census did not have three hundred thousand population, of which the court will take judicial notice. State v. Anslinger, 171 Mo. 600; State v. Cook, 170 Mo. 210; State ex rel. v. Page, 107 Mo. App. 215. Such a matter is defensive and should have been pleaded in the answer and not being so pleaded would be considered waived. (4) The defendant consummated the exchange that plaintiff brought about and even under the Act of 1903 plaintiff was entitled to his commissions. Trust Co. v. Nigge-

man, 119 Mo. App. 56. (5) Plaintiff's instructions fulfilled the law in all respects, but if defendant's objections to them were well grounded, the first instruction given at defendant's request cured the alleged defect. This clearly appears when all the instructions are read as a whole as they should be. Norton v. Kramer, 180 Mo. 536; Weston v. Mining Co., 105 Mo. App. 702; Chambers v. Chester, 172 Mo. 461. (6) Plaintiff was the procuring cause of the exchange between Havens and defendant, for he procured the party having the farm to exchange and presented his property to defendant and after months of negotiation with Havens and his agent, Mickle, brought about the exchange, and he is entitled to his commission, though defendant closed the final deal without plaintiff's assistance. Glade v. Mining Co., 107 S. W. 1002; Guame v. Horgan, 122 Mo. App. 700; Corder v. O'Neill, 176 Mo. 437; Brackenridge v. Claridge & Payne, 43 L. R. A. 593; Sallee v. McMurry, 113 Mo. App. 253.

JOHNSON, J.—This suit is to recover commission for the alleged employment by defendant of the plaintiff to sell or exchange certain lots of ground belonging to him in Kansas City, Misouri, for other real estate. The date of the alleged employment was on or about April, 1904. It was shown that plaintiff for awhile after said date endeavored to find either a purchaser for defendant's lots or for exchange for the same but without success. In June, 1904, plaintiff learned of a farm in Wyandotte county, Kansas, which the defendant finally accepted in exchange for his said lots. Plaintiff called defendant's attention to the farm and asked him whether he would trade his lots for said farm, to which defendant answered that he would, if the terms were satisfactory, and at the same time he gave to plaintiff a description of his lots and their estimated value. Within a short time plaintiff saw defendant and gave him a description of the Wyandotte county farm, the

name of the owner and the terms upon which the trade could be made. The terms proposed were not satisfactory to defendant. The plaintiff then began looking for other property for exchange for that of defendant, but he did not succeed in finding any that defendant would accept.

About June, 1904, one George W. Mickle a real estate agent, made a proposition to defendant for an exchange of the Wyandotte county farm for the defendant's lots. The farm was owned by one A. B. Havens. The exchange of lots for the farm was consummated in June, 1905, at which time Mickle, changed the terms of his former offer which defendant, after inspecting the farm in company with him, accepted and the exchange was agreed upon.

It was shown that Mickle was the agent of the owner of the farm who had transferred it to his two children during the period of the negotiations, and received from him, or them, a commission for making the exchange. There was evidence that after Mickle became known in the transaction he conferred with plaintiff as defendant's agent in regard to the exchange of the properties and that it was through the efforts of plaintiff that Mickle's attention was called to the fact that defendant wanted to exchange his lots for the farm. This latter information was conveyed to Mickle by Havens the owner of the farm, who knew, as a matter of course, of plaintiff's efforts in the first instance to make the exchange. It was also shown that before he would make the exchange defendant sent word to plaintiff that he would not pay him any commission, but plaintiff denies that he received word. Plaintiff sent word to defendant, if the exchange was made he would charge him with commission; but defendant claimed that the exchange had been made when he received such word. The finding and judgment were for plaintiff; and defendant appealed.

There was evidence that the plaintiff was instrumental in bringing about the exchange and the finding of the jury as to that matter is conclusive. Therefore we will not discuss the first contention of the defendant, that plaintiff did not show by a fair preponderance of the credible testimony that he was the procuring cause for the transfer of the property, and because defendant proved beyond a reasonable doubt that another real estate agent was such procuring cause.

Another contention of defendant is that plaintiff was not entitled to recover because his authority as agent was not evidenced by writing as required by the statute governing such agencies, in cities of over three hundred thousand inhabitants. The defendant does not claim that Kansas City has a population of over three hundred thousand inhabitants, but his proposition is that plaintiff did not prove that it did not have that number. He was not required to make such proof, as the court was bound to take judicial cognizance of the last census which shows that the city has less than the number mentioned.

The defendant has cited fifteen Missouri cases to the effect, that, a real estate broker, before he is entitled to his commission for a sale or exchange of property, it is necessary that his acts must be the procuring or inducing cause, and that it will not suffice for his act to be merely one of the chain of causes producing the contract. To all this we assent. But as before stated there was evidence upon which plaintiff could recover under the rule so well established by the authorities mentioned.

Finding no error the cause is affirmed. All concur.

## ON REHEARING

JOHNSON, J.—In the foregoing opinion, we omitted reference to the objection to plaintiff's first instruction duly presented in the record and discussed in the

briefs of counsel for defendant. The instruction is as follows:

"The court instructs the jury that if they find from the evidence in this case that plaintiff on or about April, 1904, and thereafter, was engaged in business in Kansas City, Missouri, as a real estate broker, and that defendant, about said date, at the solicitation of the plaintiff, placed his residence on Park avenue referred to in the evidence, in plaintiff's hands for sale or exchange for other property and employed plaintiff to sell said property or procure an exchange therefor, of other property satisfactory to defendant, and that by reason of said placing of said property in plaintiff's hands and his employment to sell or exchange same, the plaintiff presented the said property of defendant to one A. B. Havens to exchange same for a farm in Wyandotte county, Kansas, either belonging to or controlled by said Havens and presented same to the defendant and brought said Havens and defendant together and negotiated with other parties and with said Havens for defendant from time to time during 1904 and 1905, up to a short time before said trade was consummated in the effort to exchange defendant's property in Kansas City, Missouri, for said farm, and that thereafter about September, 1905, defendant made said exchange of his property for said farm with said Havens, then your verdict must be for plaintiff," etc.

The main ground of the objection is that the instruction failed to submit to the jury as one of fact, the question of whether the efforts of plaintiff were the procuring cause of the sale. The pleadings and evidence make that question of vital importance, and the instructions of plaintiff should have included it in their hypothesis. All of the facts submitted in the instruction quoted might be resolved in favor of the contention of plaintiff and still it might be true that his efforts as the agent of defendant were not the procuring cause of the sale. What we said in Mead v. Arnold,

118 S. W. 656; 131 Mo. App. 214, is applicable: "The defendant, as a matter of defense to the cause asserted, is entitled to show that the efforts of the plaintiff were not the procuring cause of the sale and to do this, may introduce evidence to the effect that the efforts of another agent were the procuring cause, since such evidence has a direct tendency to disprove one of the indispensable elements of the plaintiff's cause of action."

The instruction is fatally defective, and we do not find the error cured in the following instruction given at the instance of defendant: "The jury is instructed that before a judgment can be rendered for the plaintiff in this case, said plaintiff must establish by a fair preponderance of the credible testimony that the defendant employed this plaintiff to sell or exchange his property; and that through the exertions, skill and services of the plaintiff, one A. B. Havens was induced to exchange certain property for the property of this defendant."

That instruction declared the true rule, but instead of curing the defect in plaintiff's instruction, the two are contradictory, and we must assume the jury adopted that given for plaintiff and rejected the other. In effect, the plaintiff's instruction told the jury to find for plaintiff if they believed he was employed by defendant and introduced a customer to defendant to whom a sale was afterwards made, though they might believe these acts of plaintiff were not related to the sale as the *causa causans* thereof, while defendant's instruction declared that they must have been thus related. The rule is well settled that proper instructions given at the request of the party afterward defeated by the jury do not remedy material error in antagonistic instructions given at the request of his successful opponent. The error was prejudicial and compels us to reverse the judgment and remand the cause for a new trial. It is so ordered. All concur.