THOMAS E. SUBLETTE, Respondent, v. HENRY LOWE, Appellant.

Kansas City Court of Appeals, January 2, 1911.

1. **AGENCY: Procuring Cause.** An agent must be the procuring cause of a sale of real estate owned by his principal in order to be entitled to a commission. But if he procures a purchaser who is ready, able and willing to purchase on the terms agreed, he earns his commission, notwithstanding the owner consummates the sale when the agent is not present.

2. ———: ———: **Instructions.** It is error to give an instruction for the plaintiff claiming commission for the sale of real estate and directing a verdict for him, without including the hypothesis of his being the procuring cause of the sale. And it is likewise error to submit the question of subterfuge by defendant to evade the payment of commission where there is no evidence to justify it.  Nor will correct instructions for the defendant cure the errors in those for the plaintiff.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED.

*Smoot & Cooley* and P. J. *Rieger* for appellant.

(1) The court erred in giving instruction No. 2 by instructing the jury to find for plaintiff without requiring them to find that the plaintiff was the procuring cause of the sale. Russell v. Poor, 133 Mo. App. 723; Meade v. Arnold, 131 Mo. App. 214; Ramsey v. West, 31 Mo. App. 676; Real Estate Co. v. Real Estate Co., 129 S. W. 419. (2) The court erred in not instructing the jury to find for the defendant. The testimony shows plaintiff was not the procuring cause of the sale. Morgan v. Kelley, 194 Mo. 679; Meade v. Arnold, 131 Mo. App. 214. (3) The giving of proper instructions on behalf of defendant does not cure an erroneous instruction given on behalf of plaintiff. Russell v. Poor, 133 Mo. App. 723; Shepherd v. St. Louis Transit Co., 189 Mo. 362. (4) It is not sufficient that the plaintiff Sublette may have figured in the transaction and had something to do with the negotiations with Novinger. The authorities are ample that he must be the procuring cause, hence the testimony of Miss Carrie Gill is incompetent because it could not affect the liability of the defendant Lowe. It is utterly incompetent as to the fixing of the liability of it, and no purpose of the case unless the impeachment of Novinger, and it was error to base an instruction on it. Crow v. Railroad, 212 Mo. 589; Wise v. Railroad, 135 Mo. App. 230. (5) The instruction number 2 is a comment on the evidence and directs the attention of the jury to the testimony of Miss Carrie Gill. And directs them to find for the plaintiff regardless if the purchaser, Novinger, had negotiations with the plaintiff and regardless of the fact whether defendant knew of the transaction or not. Shanahan v. Transit Co., 109 App. 228, 83 S. W. 783; Boyce v. Railroad, 120 App. 168, 96 S. W. 670; Percell v. Railroad, 126 Mo. App. 43, 103 S. W. 115.

. *A. Doneghy* for respondent.

(1)    Respondent's instruction No. 1 calls on the jury to believe such facts as would show that the agent was the procuring cause; and his instruction No. 2 is not in conflict with that principle. The instructions 1, 2, 3, 4, and 5 given for appellant all expressly tell the jury that they cannot find for the plaintiff unless they believe that he was the procuring cause, and we understand the law to be that all of the instructions, both plaintiff's and defendants, must be read as a whole and, if taken as a whole, they do not mislead the jury then that is all that is required of the court. Hales v. Raines, 130 S. W. 429; Shanahan v. Transit Co., 109 Mo. App. 228; Stewart v. Andes, 110 Mo. App. 243; Claudius v. West End Co., 109 Mo. App. 346; Mathews v. Railroad, 115 Mo. App. 468; Austin v. Transit Co., 115 Mo. App. 146; Johnson v. Railroad, 117 Mo. App. 308. And instruction No. 2 given for the respondent was not a comment on the evidence. Stone v. Milling Co., 121 Mo. App. 319; Southwest Co. v. Railroad, 110 Mo. App. 300. (2)    The jury heard all the evidence and found for the plaintiff, and a trial court trained to detect falsehood, received the verdict and upon motion for new trial refused to set aside the judgment, all going to show that they who were in the best position to know believed that the verdict was for the right party, and an inspection of the record will disclose to this court that the verdict was for the right party, and in such cases the positive law forbids this court to reverse the case, ''unless it shall believe that error was committed by the trial court against the appellant, and materially affecting the merits of the action.'' R. S. 1899, sec. 865; Delaney v. Bowman, 82 Mo. App. 252. (3)    When the verdict is manifestly for the right party, errors in the giving or refusing of instructions will not work a reversal. Burns v. City, 131 Mo. 372; Barkley v. Assn., 153 Mo. 300. When all

the instructions, taken and read together, cover the entire case, and require the jury to find all the essential facts necessary to a recovery, they are not open to the objection that each one of them undertakes to cover the entire case but omits some essential element necessary to a recovery. Orcutt v. Century Co., 214 Mo. 35; Smith v. Railroad, 129 Mo. App. 413.

ELLISON, J.—This is an action to recover a commission claimed by plaintiff on account of procuring defendant's farm to be sold. The judgment in the trial court was for the plaintiff.

It appears that defendant sold his farm of two hundred and forty acres to Novinger, and that plaintiff, claiming to have been defendant's agent and to have procured Novinger to make the purchase, demanded of defendant the sum of two hundred and forty dollars as the compensation agreed upon between them.

The record leaves no doubt that plaintiff was authorized by defendant to find a purchaser for the land. Nor is there any question but that he talked with several persons who came in from other states and endeavored to induce them to purchase. His efforts, however, were without avail with those parties.

Novinger and defendant had been residents of Adair county for many years. Theirs are each familiar family names in that county, and they were old acquaintances. They lived but a short distance from one another until, finally, in the year 1907, defendant concluded to move to Oklahoma. Novinger knew of his intention and asked to buy his farm. But defendant, not knowing if he would like the new country to which he was going, refused to consider a sale until he could learn from experience whether he would be contended. He moved and concluded to remain permanently. He was, however, back from time to time and he and Novinger would resume their negotiations about the farm. Finally, while back on one of these trips, he and

Novinger came to terms and a sale was made. Plaintiff had nothing to do with the sale itself, he perhaps did not know it was made, or was to be made, until after it was consummated. So the question is, was plaintiff the procuring cause. [Ramsey v. West, 31 Mo. App. 676.] If he was, he should recover. For the law is, that if by a real estate agent's efforts he finds a purchaser for his principal's land, who is ready, able and willing to purchase, and produces him to his principal, he earns a commission, notwithstanding he may not be present at the actual transfer of the title. [Morgan v. Keller, 194 Mo. 663.]

While there is testimony tending to show that Novinger talked with plaintiff concerning the land after defendant went to Oklahoma, the whole evidence tends strongly to show that plaintiff did not find Novinger as a purchaser and that he did not procure or cause him to make the purchase. It is abundantly shown that plaintiff discovered others who were seeking land and wrote to them and showed the farm to one or more, but all this came to naught. Novinger discovered himself to defendant and defendant looked upon him as a probable purchaser and finally began negotiations with him before plaintiff knew anything of him.

It appears strange, not to say somewhat unreasonable, that in light of the undisputed fact that Novinger and defendant were old acquaintances, that the former knew the farm well, and that he and defendant were negotiating for its sale, that plaintiff could have been the procuring cause of the final act. It may be readily seen and admitted that if an owner had been endeavoring to sell to a prospective purchaser and failed, and an agent opened negotiations with the same man and procured a sale which would never have been made except by his effort, he would be entitled to his reward. But the record does not disclose that sort of case. Plaintiff candidly admitted in his testimony that his agency did not prevent defendant from selling

free from any claim of his. Novinger testified that plaintiff had no part in bringing about the sale, that, indeed, he was negotiating with defendant before he knew of plaintiff's agency, and the other evidence in the cause strongly corroborated him.

The foregoing will explain the important figure the matter of procuring cause cuts in this case, and it will make clear our view of the instructions thereon.

Instruction No. 2, for plaintiff, directs a finding for plaintiff and yet omits any hypothesis whatever of his being the procuring cause. What we have already written shows that this was a very harmful error. Besides, it submits whether defendant, *after* plaintiff entered into negotiations with Novinger, himself entered into negotiations directly with Novinger as a "subterfuge adopted for the purpose of avoiding the payment of commission." That also was error, for there is no evidence of defendant adopting a subterfuge and the word amounts, under the circumstances, to harmful characterization of the evidence. And more than this, the instruction might well influence a jury to view important matters in reverse order. The evidence, instead of disclosing that defendant entered into negotiations with Novinger after plaintiff had discovered him, shows the contrary.

Instruction No. 1 is so framed that in most instances its wording would be proper enough and would mean that the jury must find that plaintiff was the procuring cause of Novinger's purchase. But the peculiar nature of the evidence here, claimed to balance heavily against the plaintiff, calls for more particular wording in order to prevent misleading or confusing the jury. After the words "Isaac Novinger" in the line next to the last, should be added the words "who made the purchase by reason of plaintiff's efforts."

The instructions which the court gave for defendant cover the case perfectly and are free from criticism, except, perhaps, the words "without the assistance of plaintiff" could be omitted from the third. But notwithstanding these instructions were proper, they do not cure errors in those for the plaintiff. [Russell v. Poor, 133 Mo. App. 723; Sheperd v. Transit Co., 189 Mo. 362.]

The judgment is reversed and the cause remanded. All concur.