## HARDESTY v. CAVIN.

(Court of Civil Appeals of Texas. Galveston. April 30, 1912. On Motion for Rehearing, June 18, 1912.)

1. BROKERS (§ 88*)—SALE OF LAND—ACTION FOR COMMISSIONS—INSTRUCTIONS.

Defendant, owning a sawmill plant and timber lands, listed the same with plaintiff for sale in 1907. Late in that year, and in January, 1908, plaintiff, with defendant's knowledge, brought the property to the attention of W., who declined to purchase. In 1909 defendant purchased additional land, and at the same time notified plaintiff that he withdrew all his land from the market, and on February 12, 1909, wrote plaintiff, returning to him all correspondence, and stating that, if the land was sold, defendant would have to sell it himself. Plaintiff in March following wrote defendant that he had a party who wanted to buy, and was authorized to sell it, provided he could do so in 30 days. The time was subsequently extended to May 8th, and, plaintiff not having sold at that time, defendant himself sold it to W. Between May 1 and May 8, 1909, plaintiff had been trying to induce other purchasers to buy, and had made no effort to renew negotiations with W. The court in an action for commissions charged that, if the jury believed that plaintiff was the procuring cause which induced W. to purchase, they should find for plaintiff, and also that if plaintiff's former negotiations with W. had terminated without a sale and defendant, with plaintiff's knowledge, had withdrawn the property, and thereafter had again listed it with plaintiff for a limited time, and during such time plaintiff failed to establish or renew negotiations with W. and defendant by his own efforts, acting independently of plaintiff, sold to W., and such sale was made after the time to which plaintiff's agency was limited, then they should find for defendant. Held that, while such instructions were not technically accurate, they were justified by the facts; the court having further charged that defendant could not terminate plaintiff's agency with intent to defraud him, or otherwise than in good faith, and that if plaintiff first discovered the purchaser and brought him into contact with defendant, and his efforts contributed to final consummation of the sale, he was entitled to recover the reasonable value of his services, unless before the negotiations were resumed defendant had in good faith withdrawn the property from the market.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. § 88.*]

2. TRIAL (§ 260*)—INSTRUCTION—REQUEST TO CHARGE—INSTRUCTIONS GIVEN.

Where, in an action for broker's commissions, the court charged that if defendant listed his properties with plaintiff under an understanding as to the time in which a sale should be made, and plaintiff failed to find a purchaser and effect a sale within a reasonable time, and defendant on a specified date withdrew the properties from plaintiff, and gave plaintiff notice of the withdrawal, and in such withdrawal defendant acted in good faith and thereafter himself sold the property to W., plaintiff would not be entitled to recover a commission, though plaintiff had been negotiating with W. for a sale of the property during the time it was listed with him, unless the property was relisted and the sale made by plaintiff during the time his agency continued under such relisting, it covered a requested charge that plaintiff did not admit that his agency had expired, but claimed it had not expired at the time of the sale to W., and, if the jury found that plaintiff was the cause of the sale to W., defendant was bound to use good faith, and not in bad faith to re-

voke the agency and profit by plaintiff's efforts, and, if he did so, plaintiff was entitled to recover the reasonable value of his services.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

3. BROKERS (§ 9*)—AUTHORITY—TIME.

Defendant having withdrawn certain properties which plaintiff had for sale, plaintiff requested that he again place the property in plaintiff's hands, in reply to which defendant stated he would put his proposition before plaintiff to sell, provided he could make a deal in 30 days. Plaintiff, having secured a prospective purchaser, notified defendant within the 30 days and asked for an 8 days extension, to which defendant replied that he would accept the proposition and extend the time to May 8, 1909. *Held*, that plaintiff's agency to sell terminated on that date.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 10; Dec. Dig. § 9.*]

4. APPEAL AND ERROR (§ 204*)—REVIEW OF EVIDENCE—NECESSITY OF OBJECTIONS.

The admission of immaterial evidence on defendant's part cannot be reviewed where plaintiff failed to object thereto at the time or to request the court to exclude it, and, if his request was overruled, to preserve his objections by a proper bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1258–1272, 1274–1278, 1569; Dec. Dig. § 204.*]

Appeal from District Court, Nacogdoches County; James I. Perkins, Judge.

Action by R. T. Hardesty against George W. Cavin. Judgment for defendant, and plaintiff appeals. Affirmed.

Wilson & Dabney and Geo. A. Hill, Jr., all of Houston, for appellant. King & King, of Nacogdoches, for appellee.

McMEANS, J. Appellant, R. T. Hardesty, plaintiff below, brought this suit against George W. Cavin, defendant, to recover broker's commissions on the sale of real estate. His petition contained two counts. In one he sought to recover 5 per cent. commission on the amount for which the land was sold under an alleged specific agreement with defendant to pay him said sum, and in the other he sought to recover reasonable compensation for his services in effecting the sale of the land.

Defendant answered by general denial, and specially denied that plaintiff was the original or procuring cause of the sale; and specially pleaded that prior to April, 1909, he did not own a large portion of the property which was afterwards sold, and for the sale of which plaintiff sought to recover commissions; that on January 28, 1909, defendant had purchased a one-half interest in 2,214 acres of the Sims survey, and on the same day withdrew his properties from the market; that on February 12, 1909, defendant returned to plaintiff all correspondence with reference to the sale of these properties; that plaintiff then requested that the properties be relisted with him for sale, and on April 1, 1909, plaintiff and defendant agreed, by means of correspondence, that plaintiff should

place all of defendant's property on the market for 30 days from that date to be sold for $28,000, on a 3 per cent. commission; that defendant extended the time within which plaintiff might make sale for 8 days; that the 38 days expired without plaintiff having procured a purchaser, and that thereafter, on May 25, 1909, defendant sold the properties to one G. C. Williams. The case was tried before a jury, and resulted in a verdict and judgment for defendant. Plaintiff appeals.

Appellant's first, second, third, and fourth assignments are grouped. By the first he claims generally that the court erred in giving to the jury the section of its charge numbered 1, and by the second assignment he complains that the giving of the first section of the charge was error, in that recovery is thereby limited to a case where there were no other intervening agencies than plaintiff's efforts, plaintiff claiming in this connection that the facts of this case raise the hypothesis of recovery for the termination of the agency in bad faith or on other grounds, although there may have been other activities intervening. By the third assignment he further complains of the giving of said section of the charge because, he contends, he was entitled to recover if he assisted in bringing about the sale, although not the sole procuring cause and efficient means. By the fourth assignment he complains of the giving of the third section of the charge, which, he claims, took from the jury the right of plaintiff to recover for such services as may have been rendered by him, and in bringing about the sale to Williams.

Under these assignments appellant advances the following proposition: "A real estate broker through whose agency the purchaser and seller were first brought together, and through whose instrumentality the purchaser is induced to consider buying, is entitled to reasonable compensation on a sale afterwards effected between the party produced by him and the seller, though another or other agencies concurred, if himself an original procuring cause and efficient means inducing the sale. This contention is supported by the pleadings and hypothesis of recovery on this basis raised by the evidence, and the charge of the court in withdrawing from the jury and in excluding from their consideration plaintiff's right of recovery if his efforts, though not the sole, were yet an original procuring cause of the sale, is substantial error."

The portions of the charge complained of are as follows:

(1) "If you believe from the evidence that the plaintiff, R. T. Hardesty, was the procuring cause and efficient means which induced G. C. Williams to purchase the property, the sale of which is involved in this case, and which enabled defendant, Cavin, to

sell same to said Williams, you will find for the plaintiff."

(3) "If you believe that such former negotiations of Hardesty with Williams for the sale of said property had terminated without a sale being accomplished, and that defendant, with the knowledge of Hardesty, had taken the property in question off of the market, and that thereafter, on the 1st day of April, 1909, defendant again listed the property with Hardesty for sale within a limited time, and that during said limit Hardesty failed to establish or renew negotiations with Williams for the sale of the property, and that defendant, by his own efforts, acting independently of Hardesty, negotiated and consummated the sale to Williams, and that such sale was made after the expiration of the time to which Hardesty's agency was limited, then, in such case, you will find for the defendant."

The portions of the charge complained of are not abstractly inaccurate, but whether proper to be given in this case depends upon the facts, which we will now undertake to briefly review in the light most favorable to the verdict; and, if the evidence, so viewed, justifies the charge, then the assignments cannot be sustained.

[1] Appellant was a real estate broker. During the latter part of 1907 appellee listed with appellant, for sale, a sawmill plant and about 1,200 acres of timbered land on the Sims survey in Newton county, then owned by him. No agreement was then made as to the amount of the commission appellant should receive in case he made a sale, nor was appellant given the exclusive agency to sell, nor was there any time then agreed upon within which appellant's agency should be limited. After acquiring the agency, appellant at once became active in trying to find a purchaser, and late in the year 1907 and in January, 1908, attracted the attention of G. C. Williams to the property by letters and by an advertisement in a newspaper, and as a result some considerable correspondence ensued between appellant and Williams which finally resulted in Williams declining to purchase. At the time these negotiations were pending appellee had full knowledge thereof. It seems that these negotiations ceased in the early part of 1908, and were not renewed until early in 1909. In January, 1909, appellee purchased an additional tract on the Sims survey of about 1,000 acres, and at the same time withdrew all the land from the market, and so stated to appellant in his letter of January 28, 1909, saying: "Please take my proposition I have listed with you off the market." On February 12, 1909, appellee again wrote appellant, returning to him all letters theretofore written by the latter in reference to his efforts to sell the land, and in this letter he stated that, if the land was sold, he would have to sell it himself, and that he was dealing with a party no real estate man had dealt with. Who this party thus referred to was the evidence does not disclose, and the evidence does not warrant the conclusion that it was Williams. March 29, 1909, appellant wrote appellee that he had the League timber on the Sims survey for sale, and that he had a party who wanted to buy a tract of pine; that he had been showing him tracts for some time, but that nothing he had suited, and adding: "So, if you wish to sell your holding in the Sims, I think I can interest this party." Replying to this letter on March 30th, appellee wrote: "Will advise I have sold my Sims property, provided the party can raise the money to pay for it. I will know in a few days, and, if he fails to raise the money, I will take it up with you." March 31, 1909, appellant again wrote to appellee, saying, among other things: "If your deal doesn't go through, write to me at once giving me your lowest price and terms with commission to me." In reply to this appellee on April 1st wrote to appellant, among other things, the following: "In reply to yours of yesterday, will advise I will put my proposition up to you to sell providing you can make a deal in 30 days. * * * I will take $28,000 for the entire outfit, and will allow you 3 per cent. commission for making a deal." To this appellant replied to the effect that he thought the commission offered was small, but that he had two parties in view, Hawthorn Lumber Company and J. W. Wilcox, and stated that he would offer the land at the price of $15 per acre. Several letters passed between appellant and appellee with reference to a deal with the Hawthorn Lumber Company, and on April 22, 1909, appellant sent to appellee a letter from the Hawthorn Lumber Company accepting appellant's proposition and asking for an extension of eight days' time, and upon receipt of this appellee replied by telegram: "Will accept Hawthorn proposition, extend time to May 8th." To this appellant replied, also by telegram: "Telegram received accepting Hawthorn Lumber Company proposition, time May 8th, 09." The Hawthorn Lumber Company, however, did not close the deal, the appellant testifying: "I don't know why they backed off." On May 25, 1909, appellee himself sold the property to G. C. Williams, and in this connection Williams testified that he saw "an advertisement of the property and his attention was directed to the same in the St. Louis Lumberman by George E. Anderson of Beaumont, and that he answered the advertisement and got in correspondence with Mr. Anderson and that Anderson went over the property and showed it to him, and was the cause of his purchasing the same; that he had not heard from appellant, Hardesty, for more than six months when he took it up with Anderson, and that appellant had nothing to do with his buying the property from appellee; that appellant had had the proposition up with

him as had appellee, but that he would never have gone and looked at the property at the price and terms submitted; that he had some knowledge of the property through Hardesty and Cavin before he took it up with Anderson, but that he had not heard from appellant, Hardesty, about the property since early in the year 1908, and, further, that appellee told him that appellant, Hardesty, had a deal up with the Hawthorn Lumber Company at Timpson, and that he had given them until May 8, 1909, to close with them; that this was after Anderson had the proposition up with him and that he then decided to take the trade up again with appellee personally, and that appellee required him to wait until the expiration of the time allowed, on May 8th, before he would deal with him; that appellant had no connection with the deal he made with Mr. Cavin and that he had rejected all propositions made by appellant, and that he had never at any time entered into negotiations with appellant for the purchase of the property; that a Mrs. Sim Bruce first told him about the property, and that appellee had been trying to sell him the property for several months."

The testimony does not show that from April 1 to May 8, 1909, appellant made any effort to sell to, or renew negotiations with, Williams, with reference to selling the property to him.

In addition to the portions of the charge complained of the court charged the jury as follows: "If you believe the property in question was originally listed by defendant with plaintiff under a contract or agency to sell same, and that plaintiff, acting under such contract, first discovered said Williams as a purchaser of same and brought him in contact with defendant, and that thereafter by correspondence or otherwise interested said Williams in making such purchase, and directed his attention thereto, and that thereafter said Williams did purchase said property, and that such acts and efforts of plaintiff contributed to the final consummation of such sale, you will find for plaintiff a reasonable compensation for his said services, notwithstanding you may also believe that the negotiations thus begun failed of immediate accomplishment, and were suspended for a period, and that the sale was actually and finally effected by Cavin, and not by Hardesty, unless you further find that after said negotiations were suspended and before they were resumed by defendant with Williams the defendant, with the knowledge of plaintiff, had withdrawn said property from the market and from sale, and that Hardesty had not resumed such negotiations with Williams after April 1, 1909, and before May 8, 1909." The court also gave a special charge at the request of appellee, by which the jury was instructed that the revocation by appellee of appellant's agency must have been done by appellee in good faith and without intent to defraud appellant, otherwise they would find in favor of appellant for such commissions as they might find from the evidence to be due him. We think in view of the facts stated, and the portions of the court's charge above set out and referred to, the parts of the charge complained of in the assignments are not obnoxious to the criticisms urged. Newton v. Conness, 106 S. W. 892; Russell v. Poor, 133 Mo. App. 723, 119 S. W. 433; English v. George Realty Co., 55 Tex. Civ. App. 137, 117 S. W. 996; Duval v. Moody, 24 Tex. Civ. App. 627, 60 S. W. 269. The assignments are overruled.

[2] Appellant requested the court to charge the jury as follows: "The plaintiff does not admit there has been an expiration of his agency at the time the sale was made to Williams, but contends that it had been extended and was in force. The defendant claims that the agency had expired. In this connection, you are charged that if you believe from the evidence that through the efforts of the plaintiff he was the cause or a cause of the sale to Williams, Cavin was bound to use good faith, and not in bad faith revoke the agency, and then profit by Hardesty's efforts. If he did so, then plaintiff is entitled to recover the reasonable value of his services, in accordance with 'the charge which I give you." The refusal of the court to give this charge is made the basis of appellant's fifth assignment, and under it he advances this proposition: "Where the broker is negotiating with a prospective purchaser, whom he was the cause, or an original moving cause, in inducing to consider the purchase of the properties, and the seller revokes the authority of the broker, or represents that the agent is without authority with a view of concluding the bargain with such person without the broker's aid, and to avoid the payment of commissions about to be earned, the broker is nevertheless entitled to reasonable compensation; and the court erred in refusing to give plaintiff's requested charge 5, and in excluding from his charge plaintiff's right of recovery where his agency was not terminated in good faith, such hypothesis of recovery being raised by the evidence." That the facts required some such charge as that requested is conceded, and the court, evidently in recognition of that fact, gave at the request of appellee a special charge which in part is as follows: " * * * You are instructed that if you find that defendant listed his properties with plaintiff without an understanding as to the time within which such sale was to be made and that plaintiff failed to find a purchaser and to effect a sale of the properties within a reasonable time, and that defendant, on January 28, 1909, withdrew the right to sell said properties from the plaintiff and gave the plaintiff notice of such withdrawal, and that in withdrawing the right to sell said properties from the plaintiff the defendant acted in good faith, and without intention to defraud plaintiff, and thereafter sold the property himself

to G. C. Williams, the plaintiff would not be entitled to recover a commission for such sale, and this, though you should find that the plaintiff had been negotiating with said Williams for a sale of the properties during the time they were listed with him, unless you find by a preponderance of the evidence that the defendant relisted said properties for sale with the plaintiff and said sale was made by the plaintiff during the time within which he had to make such sale, when the same was relisted, and if it was relisted with him, in which event you would find for the plaintiff for such commissions as you may find from all the evidence to be due." By this charge the court must have understood that the good faith of appellee in revoking appellant's agency was a matter submitted for their determination, and that if appellee had not acted in good faith in so doing, but in bad faith, intending at the time to avail himself of appellant's services and to defeat his right to compensation, they should find for appellant. We think the giving of this charge obviated the necessity of giving the one requested by appellant.

[3] The sixth and seventh assignments complaining of the refusal of the court to give appellant's special charges 4 and 4a, and the eighth and ninth assignments which criticise the second and third sections of the court's general charge are without merit, and are overruled. We think the evidence hereinbefore referred to clearly shows that the renewal of appellant's agency on April 1, 1909, was limited to the 8th of May, 1909, and the evidence did not raise the issue that the renewal of the agency was without restriction of time. The court did not err in refusing to charge the jury at the instance of appellant that at the time the sale to Williams was finally arranged the plaintiff's agency was still in force and that he then had power to make the sale. This charge, as we have before shown, was not warranted by the evidence, and is further objectionable as being upon the weight of the testimony.

The eleventh assignment, which complains that the verdict and judgment are contrary to and not supported by the evidence in that it was shown that at the very time of the sale the agency was in force, and that defendant had abandoned his contention that plaintiff was not entitled to compensation if the sale was made to Williams, and that he had assumed such position whereby it would have been bad faith for him to so contend, is without merit and is overruled. Appellant clearly acquiesced in the revocation of his agency by appellee in his letter of January 28, 1909, when he withdrew the land from sale, and by his letter of February 12th, wherein he returned to appellant all letters written by the latter relating to his efforts to sell, wherein he says, "I have decided if I sell it I will have to do it myself," that

he had a party figuring with him, and "if I don't sell it to him, I am going to mill that timber myself." Appellant's acquiescence is clearly shown, we think, by his letter to appellee of March 29th, wherein, after saying that he had the League Timber in the Sims survey for sale, concludes as follows: "So if you wish to sell your holdings in the Sims I think I can interest this party." His acquiescence is further shown by appellant's letter of March 31st, wherein he says: "If your deal doesn't go through, write me at once and give me your lowest price and terms, with commissions to me." If there had been no revocation of the agency, why should appellant seek to have appellee relist the property with him for sale? Do the facts show that the renewal of the agency was without restriction as to time? Appellee's letter of April 1st, by which the agency was renewed, expressly limited the agency to 30 days. His telegram in reply to the Hawthorn Lumber Company's request for further time extended the time in which appellant might make the sale eight days, and this limitation of the agency was recognized and acquiesced in by appellant in his telegram sent in reply. Appellant has pointed out no testimony to authorize the conclusion that it would have been bad faith in appellee to contend that appellant was not entitled to compensation if the sale was made to Williams.

[4] The seventeenth assignment, adopted as a proposition, is as follows: "The court erred in that defendant's attorney was permitted, without rebuke, to ask Mr. Hardesty, the plaintiff, and prove by him that there was another suit pending by Anderson, or Anderson and the Singletarys, against defendant for a commission on the sale involved in this suit, this being an impropriety, and for the court to control." The testimony was immaterial to any issue in the case, and, if appellant did not want it to go to the jury, he should have objected to it at the time, or have afterwards asked the court to exclude it, and, if his objection or request was overruled, to preserve his objections by a proper bill of exceptions. This he did not do, and, in the absence of a bill of exceptions, the matter complained of cannot be revised by the appellate court.

We have carefully considered all of appellant's assignments, and those not herein specifically referred to are found, like the others, to point out no reversible error.

We think the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.

### On Motion for Rehearing.

In our opinion heretofore filed, after setting out the first and third paragraphs of the court's charge, which are complained of by appellant in his first, second, third, and

fourth assignments of error, we say: "The portions of the charge complained of are not abstractly inaccurate, but whether proper to be given in this case depends upon the facts, which we will now undertake to briefly review in the light most favorable to the verdict, and if the evidence, so viewed, justifies the charge, then the assignments cannot be sustained." We think the expression "in the light most favorable to the verdict, and if the evidence so viewed justified the charge," etc., is inapt, and is hereby withdrawn. We think that the evidence which we believe is fairly reflected in the statement thereof set out in the opinion, when viewed in any aspect, warranted the giving of the charge complained of.

We have carefully examined appellant's motion for a rehearing, and are of the opinion that the same should be overruled, and it has been so ordered.