THE MUTUAL BENEFIT LIFE INSURANCE CO. *v.* CANNON.

LIFE INSURANCE.—*Policy.—Consideration.*—A policy of life insurance recited the consideration to be a certain sum of money then and there paid, and a like amount to be paid annually, on a designated day, to the insurance company.

*Held,* that the consideration was sufficiently stated. It was not necessary to set out the accruing obligations, if any such were separately given.

SAME.—*Preliminary Declaration.*—It is not necessary that the "declaration" of the party in whose favor a policy issues should be made an exhibit to a complaint on such policy. Such declaration is not the foundation of the action.

PRACTICE.—*Defective Copy.—Amendment.*—In a complaint on a policy of insurance, the copy of the policy set out was neither signed nor countersigned, but it was amended on the trial according to the original policy.

*Held,* that the amendment was properly allowed, and if the copy as filed was fatally defective, the amendment cured the defect and also the error of overruling a demurrer to the complaint.

SAME.—*Striking out Redundant Pleading.*—It is not error to strike out a par-

The Mutual Benefit Life Insurance Co. v. Cannon.

agraph of answer and an interrogatory filed therewith, if the matters alleged in such paragraph are admissible in evidence under a remaining paragraph of the answer.

SAME.—*Interrogatories.*—Interrogatories filed with an answer should be struck out when not relevant to any issue made by the pleadings.

LIFE INSURANCE.—*Statement of Applicant.—Warranties.*—Answers given in an application for life insurance by the party whose life it is sought to insure, touching his past and present condition of health, are warranties, and it is unimportant whether or not the party for whose benefit the policy issues knows such answers to be false.

SAME.—*Interrogatories to Jury.—Answers to.*—The answer of the jury to an interrogatory as to the existence of certain supposed facts was: "The weight of the evidence justifies the jury in answering no."

*Held*, that the answer was sufficient.

SAME.—The jury was required to answer, whether the party insured by a life policy had not, within a designated period, had a certain disease for which he received medical treatment. The answer was: "He may have received medical treatment for that disease, but we believe if he did he received treatment for a disease he did not have."

*Held*, that the answer was equivalent to saying that the jury did not believe that the insured received such treatment for that disease; and that the answer, though informal, was substantially good.

SAME.—*Life Insurance.—Evidence.—Medical Examiner.—Certificate.*—The certificate of the physician who examined the party whose life was insured is admissible in evidence, where he acted by the consent of both parties, although he was not the regular examining physician of the insurance company.

AGENT.—*Admissions by.*—It is not error to admit in evidence the declarations of the agent of an insurance company against his principal, in reference to the subject-matter in controversy, where there is evidence tending to prove that such declarations were within the scope of his agency.

PRACTICE.—*Striking out Interrogatories to Jury.*—An interrogatory to a jury may properly be struck out by the court, the answer to which could be a decision only as to a part of the evidence, and which decision either way would not control a general verdict.

SAME.—*Instructions to Jury.*—It is not error to refuse an instruction asked, when the same ground is covered by other instructions given.

APPEAL.—*Supreme Court.—Rule of Decision.*—To justify the reversal of a case, it must be clearly wrong in law, or clearly against fact. When merely doubtful, not contrary to law or fact, it must be held as settled.

From the Floyd Circuit Court.

*G. V. Howk, J. H. Stotsenburg,* and *T. M. Brown,* for appellant.

*J. S. Davis* and *A. Dowling,* for appellee.

BIDDLE, J.—Suit on life policy. Emily J. Cannon, on the 1st day of July, 1868, being desirous of effecting an insurance on the life of her husband, John R. Cannon, for her own benefit, made a "declaration" accordingly to the Mutual Benefit Life Insurance Company, agreeing therein that the answers of said John R. Cannon, and those of his physician and friend, should be the basis of the contract between herself and the company; and that if any untrue or fraudulent allegation was contained in those answers or in her "declaration," all moneys which were paid to said company on account of assurance made in consequence thereof should be forfeited for the benefit of the company.

The questions, among others, put by the company to John R. Cannon, and the answers thereto, were as follows:

"Ques. 10. Has the party had, since childhood, disease of the heart, rupture, fits, dropsy, liver complaint, bilious colic, rheumatism, gout, habitual cough, bronchitis, asthma, spitting of blood, consumption, paralysis, apoplexy, insanity, fistula, ulcers, or disease of the kidneys or bladder, and which?

"Ans. No.

"Ques. 11. Has the party had any sickness within the last ten years? if so, what?

"Ans. Erysipelas, in 1863; severe cold this spring.

"Ques. 12. Has the party now any disease or disorder? if so, what?

"Ans. No.

"Ques. 15. Has any company declined to insure the party? if so, what company, when, and for what reason?

"Ans. No."

The question, among others, put to Peleg M. Wilcox, the examining physician, concerning John R. Cannon's condition, and the answer to it, were as follows:

"Ques. 4. Has he at any time had apoplexy, insanity, rheumatism, gout, dropsy, bilious colic, palsy, symptoms of the disease of the heart, liver, or kidneys, aneurism, rupture, spitting of blood, asthma, chronic cough, affection of the lungs

or other viscera, varicose or other ulcers, or any organic disease ?

" Answer. No."

These were the only questions and answers put specially in issue.

The pleadings were as follows: Complaint. Demurrer to the complaint for want of sufficient facts overruled. Exception.

Answer: 1. General denial.

2. That Emily J. Cannon applied to the company to obtain a policy on the life of John R. Cannon; that she made her " declaration " accordingly, and answered certain questions therein; that John R. Cannon made answers to questions 10, 11, 12, and 15, as above; that Peleg M. Wilcox, the examining physician, made answer to question 4, as above; that George H. Deval, the friend of John R. Cannon, made answers to certain questions; that it was agreed that said " declaration," questions, and answers should be the basis of the contract of insurance; that the principal office of said company is in the city of Newark, and State of New Jersey; that the company relied on said statements and answers as the basis and warranty of said contract; that the answers of John R. Cannon to questions 10, 11, 12, and 15 were untrue; that the answer of Peleg M. Wilcox to question 4 was untrue, stating wherein; all of which is formally alleged, with proper negatives.

3. Similar to 2, except that it omits question 15 and Cannon's answer thereto, and question 4, with Wilcox's answer, and alleges that Cannon well knew that his answers to questions 10, 11, and 12 were false.

4. Substantially the same as the third, with the allegation that the answers to questions 10, 11, and 12 were " false and fraudulent," by which the appellant was deceived.

With the fourth paragraph there was also filed an interrogatory; which paragraph and the interrogatory, on motion and over objection, were stricken out by the court. Exception.

Replies in denial were filed to the second and third paragraphs of answer.

Upon these issues the cause was tried by a jury. General verdict for appellee for ten thousand six hundred and seventy-seven dollars and fifty cents, and answers to special interrogatories 3 and 5. Motion by appellant for fuller answers to interrogatories 3 and 5. Objection. Overruled. Exception. Motion for new trial. Overruled. Motion in arrest of judgment. Overruled. Exceptions. Judgment on the verdict. Appeal.

The errors assigned are :

1. Overruling appellant's motion to have the complaint made more specific.

2. Overruling the demurrer to the complaint.

3. Striking out the fourth paragraph of answer.

4. Striking out the interrogatory filed with the fourth paragraph of answer.

5. Refusing to require the jury to more fully answer interrogatories 3 and 5, propounded to them.

6. Overruling the motion for a new trial.

In support of the first assigned error, it is insisted that the consideration for the policy is not sufficiently set forth in the complaint. The language is, "in consideration of the sum of three hundred and eighty-seven dollars in money then and there paid to her, and a like amount to be paid to her annually on the 1st day of July in every year," etc. This is substantially in the words of the policy and is sufficient. It was not necessary to set out the accruing obligations, if any such were separately given. It is also insisted, that the "declaration" of Emily J. Cannon made to procure the policy should have been set forth in the complaint. This paper was not the foundation of the action, and therefore need not to have been made an exhibit. *The Commonwealth's Insurance Co.* v. *Monninger*, 18 Ind. 352.

In support of the second error alleged by the appellant, it is insisted that the appellee's "declaration" was a part of the contract, and therefore should have been alleged in the complaint. Let it be considered a part of the contract—it was not a part which the appellee was bound to aver in her com-

plaint. It belongs rather to the defence. The paper was the obligation of the appellee, and belongs properly to the appellant. The "declaration" might be useful as an instrument of evidence, but it was not necessary to make it a part of the complaint. It is further shown that the copy of the policy made an exhibit in the complaint was neither signed nor countersigned. Assuming this to be a fatal defect at the time, it was afterward healed by amending the exhibit on trial, according to the original policy. There was no error in overruling the demurrer to the complaint.

Striking out the fourth paragraph of the appellant's answer is insisted on as the third error. We can discover no substantial difference between the third and fourth paragraphs of the answer. It was therefore no error to strike out the fourth. The same evidence could have been introduced under either.

Nor was it error, as is insisted by the fourth assignment, to strike out the interrogatory put to the appellee and filed with the fourth paragraph of answer. The interrogatory was in these words:

"At the time of making application for insurance with the defendant upon the life of said John R. Cannon, and at the time when the said John R. Cannon signed the answers to interrogatories, which appear in exhibit 'B,' did you not know that the said John R. Cannon had been, within six months before that time, affected with a disease of the kidneys, which required and received medical treatment?"

This interrogatory is not adapted to seek the truth or untruth of John R. Cannon's answers made to the appellant. It could elicit only the appellee's knowledge of the truth or untruth of said answers. As we hold the answers of John R. Cannon to be warranties to the appellant of the facts therein stated, the appellee's knowledge of their truth or untruth is immaterial. *The Mutual, etc., Ins. Co.* v. *Miller,* 39 Ind. 475; *Cocks* v. *Izard,* 4 Am. Law Times Rep. 68. The court was right, therefore, in rejecting the interrogatory as being irrelevant to any issue formed by the pleadings.

The fifth assigned error is in refusing to require the jury to

more fully answer the third and fifth interrogatories propound-ed to them, to be answered with the general verdict. The third interrogatory is in these words:

"Did or did not Doctors Lewis and Coleman Rodgers, on May 16th, 1868, examine the urine of said John R. Cannon, and find it loaded with albumen, and containing fibrinous casts?"

The answer to which is in these words:

"The weight of the evidence justifies the jury in answer-ing no."

It was the duty of the jury to answer the question according to the weight of evidence, and they say that the weight of evidence justifies them in answering no. We can see no objection to the form of this answer.

The fifth question, with its answer, was as follows:

"Ques. Within a year prior to July 1st, 1868, did or did not the said John R. Cannon have a disease of the kidneys, for which, within that period, he received medical treatment?

"Ans. He may have received medical treatment for that disease, but we believe if he did, he received treatment for a disease he did not have."

This answer is neither elegantly nor tersely expressed, but we think it is equivalent to saying: We believe he did not receive such treatment for a disease of the kidneys.

Though the answer is informal, we think it is substantially good.

Overruling the motion for a new trial is assigned as the sixth error. It is urged that the verdict is not supported by the evidence. It must be confessed that some parts of it are in serious conflict, yet there is much that harmonizes. The main question was the bodily health and condition of John R. Cannon—a very difficult question—one that often baffles the widest experience and the highest attainments of science. Learned doctors disagreed. It is not surprising, then, that there is room for fair differences of opinion in the most candid minds. This degree of uncertainty is not sufficient to disturb the findings. The verdict is not so groundless as to startle the sense of justice.

Several other points are made under this assignment of error. It is contended that the court below erred in permitting the appellee, upon the trial, to amend exhibit "A" so as to conform to the policy. This point was noticed incidentally in ruling upon the demurrer to the complaint. We think there is no error here. The appellant can not complain of surprise. He could have had inspection of the original policy before pleading or trial at any time. "Any variance between any pleading and copy of a written instrument filed, as to matter of description, or legal effect, may be amended at any time, as of course, before judgment, without causing a continuance." 2 G. & H. 104, sec. 78. *Maxwell* v. *Day*, 45 Ind. 509.

Refusing to allow the appellant to prove the locality of her principal office, and whence her policy issued, is claimed to be error, but we do not see the validity of the point. Nor was there error in permitting the appellee to read to the jury, as evidence, the report of Dr. Andrew Neat, over the appellant's objection. Although Dr. Neat was not the regular examining physician of the company, yet there was evidence tending to show that he was adopted by both parties as the examining physician in this case; and we think it was proper rebutting evidence.

There was no error in permitting the appellee to introduce a certain conversation between the appellant's agents. It was about the subject-matter in controversy, and there is strong evidence tending to show that it was within the scope of their agency.

Nor was there any error in refusing to allow the appellant to rebut a conversation testified to by Andrew Neat. The conversation itself was rebutting evidence.

The general instructions of the appellant given to her agents are not binding on the appellee. There was, therefore, no error in refusing to allow them to go to the jury.

It is insisted that striking out interrogatories 1, 2, 4, and 6, propounded to the jury, over the appellant's objections, was error. The questions are in the following words:

" 1. Did or did not John R. Cannon, the party upon whose life the risk was taken by policy fifty-two thousand five hundred and three, sued on in this action, within three months prior to July 1st, 1868, consult Dr. Lewis Rodgers and Dr. Coleman Rodgers, of Louisville, Kentucky, as to his, said Cannon's, health?

" 2. Was such consultation had, and at what particular place?

" 4. Was or was not the said John R. Cannon informed by said Dr. Lewis Rodgers, or by said Dr. Coleman Rodgers, on May 16th, 1868, after an examination of the said Cannon's urine, that he had a disease of the kidneys?

" 6. Did or did not the said John R. Cannon, in the winter of 1867 and 1868, and in the spring of 1868, complain, in the presence of Mrs. Angeline Rodgers, wife of John D. Rodgers, or in the presence of said John D. Rodgers, that he had a very severe pain in his head, and that he had disease of the kidneys, and that his kidneys were affected?"

These interrogatories do not present questions vital to the overthrow or establishment of a general verdict. They could decide only as to certain parts of the evidence. Their decision either way would not control a general verdict. There was no error in this ruling.

Under this assignment of error, it is insisted that the refusal of the court to give the following instructions to the jury was error:

" 2d Instruction. If you shall find, from the proof, that the answer of the said John R. Cannon to the eleventh interrogatory, propounded to him in exhibit 'B,' was untrue, in this, that within ten years before the 1st day of July, 1868, the said John R. Cannon had been sick with a disease of the kidneys, or with a disease of the lungs, then you must find for the defendant.

" 5th Instruction. If you shall find in this case, that the said John R. Cannon, within ten years before the 1st day of July, 1868, had had dropsy, or any disease of the kidneys, or had been sick within that time with dropsy, dyspepsia, a disease of the

kidneys, or any affection of the lungs, then you must find for the defendant; and it will not be material for you to consider whether John R. Cannon in fact died from any of the diseases named in this instruction or from some other cause."

The appellant insists that these instructions are particularly applicable to question 11 and the answer.

It will be seen that question 10 includes dropsy and disease of the kidneys, two of the diseases contemplated in the instructions refused. The court instructed the jury in reference to question 10 and the answer to it, that they constituted a warranty of the contract of insurance, and that if the jury found the said answer untrue, then they must find for the defendant. This instruction covers the same ground, as to dropsy and disease of the kidneys, as that asked for in the instruction refused. John R. Cannon nowhere warrants, and nowhere says, that he has not been sick with dyspepsia, or disease of the lungs, within the last ten years. The effect of the instructions refused, if given, would have been to tell the jury that if John R. Cannon had been sick with the dyspepsia or disease of the lungs, however slight or temporary the attack might have been, within ten years, then they must find for the defendant. This would have been wrong. The instructions were rightly refused.

The other points made under the sixth assignment of errors have been already noticed.

The seventh and only remaining error assigned is overruling the motion in arrest of judgment. We have held the complaint to be good. The appellant has shown us no ground in support of this assignment, and we have been unable to find any in the record. For the general principles decided in this case, see *The Dayton Insurance Co.* v. *Kelly*, 24 Ohio St. 345.

The evidence is all before us. We can find no error in fact. There is no error in law.

The judgment is affirmed, with costs, etc.

## ON PETITION FOR A REHEARING.

BIDDLE, J.—The petition for a rehearing in this case raises no point which was not fully considered before the decision was rendered. We found no difficulty in settling the law of the case; the uncertainty lies in the facts. The verdict for the appellee is not completely satisfactory, nor would it be, if, on the same evidence, it had been for the appellant. It is not the duty of this court to reverse a case merely because it is doubtful. This would be to allow the parties to experiment on jury verdicts without any reasonable hope of a more satisfactory result. Such a practice would lead to loose and ruinous litigation. To reverse a case, it must be clearly wrong in law, or clearly against fact. When a case, merely doubtful, not contrary to law or fact, as we held this to be, is once decided, it must be held as settled.

The petition for a rehearing is overruled.