RHODE *v.* METROPOLITAN LIFE-INSURANCE CO.[1]

1. LIFE INSURANCE.—EVIDENCE—HEALTH OF APPLICANT.

In an action on a life-insurance policy, the statement of the examining physician, a representative of the company, made at the time of the examination, that, in his opinion, the applicant was in good health, is admissible against the company

---

[1] Rehearing denied May 29, 1903.

to show that the decedent was in good health at the time the policy took effect.

2. SAME—PRIOR APPLICATION—KNOWLEDGE OF INSURER.

Where the agent's certificate on an application for life insurance refers to a former application, and there is indorsed on such certificate, at the home office, the number of the prior application, it will be presumed that the company had knowledge of what the first disclosed.

3. SAME—WARRANTY—ATTENDANCE BY PHYSICIAN.

The fact that an applicant for life insurance had been attended by a physician for a mere temporary ailment will not render void a policy based upon an application stating that he had not been attended by a physician.

4. TRIAL—INSTRUCTIONS—UNCONTRADICTED EVIDENCE—HARMLESS ERROR.

A charge by the trial judge that he would leave the jury to determine whether they would believe uncontradicted testimony is not prejudicial error where there was no material point wholly uncontradicted.

Error to Wayne; Frazer, J. Submitted February 5, 1903. (Docket No. 71.) Decided March 23, 1903.

*Assumpsit* by Minnie Rhode against the Metropolitan Life-Insurance Company on a policy of insurance. From a judgment for plaintiff, defendant brings error. Affirmed.

*Haug & Yerkes*, for appellant.

*Bowen, Douglas & Whiting* and *J. O. Murfin*, for appellee.

MONTGOMERY, J. This case has once been before the court, and is reported in 129 Mich. 112 (88 N. W. 400). On a second trial the plaintiff again recovered, and the defendant brings error.

It is again argued by counsel for the defendant that there was no evidence tending to show that the decedent was in good health at the time the policy took effect. It is strenuously argued that there was no sufficient evidence to raise a question of fact for the jury upon this point, as

the testimony of Dr. Lawton was an expression of opinion as to the condition of the applicant. We think the question is foreclosed by the holding of the former case, and, were it not, we see no reason to depart from the conclusion there stated. Nor can we add to the force of the suggestions contained in the former opinion, and in the authorities quoted.

The application in this case stated that the insured never had bronchitis, and it is insisted that the evidence shows that he had bronchitis in May, 1899, and in June, 1899. The evidence that he had bronchitis in June, 1899, is that of Dr. Flintermann, who examined him on behalf of the company in June, 1899. The evidence shows that this application was reported to the company, and that the medical report contained a statement that he believed that the applicant had chronic bronchitis, and recommended a postponement, and that the applicant be re-examined in two months from that time. The application in the present case was reported by the agent, and, in answer to a question as to whether the applicant had ever made an application to this company on which a policy was not issued, it was stated, "Ordinary application postponed, July 21st;" and across this certificate—the usual certificate coming from the home office—appeared the number of the postponed application. The inference is therefore open that the attention of the home office was specifically directed to the former application. This presents a very different question than was presented on the former hearing of this cause, in which we held (following *Brown* v. *Insurance Co.*, 65 Mich. 306 [32 N. W. 610, 8 Am. St. Rep. 894]) that it was not incumbent on the defendant to take notice of any prior application and the contents thereof. Here it is shown that it actually did have notice of it, and the inference is irresistible that it was examined at the time this application was made, so that the company had before it whatever information existed upon the subject as to whether there was chronic bronchitis, to wit, the statement of the physician. We think it would be

manifestly unjust now to predicate a defense upon an assumed want of knowledge. *Emlaw* v. *Insurance Co.*, 108 Mich. 554 (66 N. W. 469); *O'Rourke* v. *Insurance Co.*, 23 R. I. 457 (50 Atl. 834, 57 L. R. A. 496).

It is also claimed that the statement of the applicant that he had not been attended by physicians is shown to be materially false. But we think the question was fairly submitted to the jury as to whether the ailment for which the applicant was treated was a serious ailment, or a mere temporary difficulty. *Hann* v. *National Union*, 97 Mich. 513 (56 N. W. 834, 37 Am. St. Rep. 365); *Plumb* v. *Insurance Co.*, 108 Mich. 94 (65 N. W. 611).

The court charged the jury as follows:

" I refuse, and have always refused, to take cases away from a jury where there is any evidence upon a subject upon one side, even if there is no flat contradiction upon the other, but I believe it is my duty to leave that question to the jury to determine whether they will or will not believe even an uncontradicted witness; and I put that matter now so plain before you that there can be no mistake as to what the ground taken by the court is here, and that if I am wrong about it my position may be rectified by a court of superior authority."

It is fair to assume that the court considered that there was testimony in the case on some material point which was wholly uncontradicted. The point upon which it is said there was no contradiction was the testimony of Dr. Lyon to the effect that the applicant had bronchitis. We think that it cannot be said that this testimony was wholly uncontradicted, and therefore, while the statement of the court was somewhat heroic, it was error without prejudice.

The other questions raised are sufficiently covered by the foregoing discussion. We think no prejudicial error was committed, and the judgment will be affirmed, with costs.

The other Justices concurred.