## DALLAS RY. & TERMINAL CO. v. CURTIS.

### No. 2695.

Court of Civil Appeals of Texas. El Paso.

Sept. 15, 1932.

Rehearing Denied Oct. 6, 1932.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellant.

John G. Wilson, of Dallas, for appellee.

PELPHREY, C. J.

Appellee, as next friend for his minor daughter, Dorothy Curtis, filed this suit in the district court of Dallas county to recover damages for personal injuries alleged to have been received while she was boarding a street car of appellant, at which time it was alleged that the motorman closed the door and raised the step before said minor daughter had time to enter the car, causing injuries to her leg from which the disease osteomyelitis developed.

Thirty-five special issues were submitted to a jury, and in response thereto the jury found that Dorothy Curtis, on or about the 25th day of August, 1929, attempted to board a street car of appellant; that while attempting to board the street car, she was injured by being caught in the step of the entrance door of the street car; that the motorman failed to keep the door open and the step lowered for a sufficient length of time to enable her to safely enter the car; that such failure was negligence and a proximate cause of the injuries sustained by her; that the motorman failed to keep a lookout for her to see that she was free of the step before raising it; that such failure to keep a lookout was negligence and a proximate cause of the injuries; that Dorothy Curtis did not attempt to board a street car of appellant on May 27, 1929; that the physical condition of Dorothy Curtis resulted proximately from getting her foot and leg caught in the step of appellant's car on or about August 25, 1929; that the injuries were not the result of an unavoidable accident; that Mrs. Curtis did not fail to exercise ordinary care in assisting Dorothy to board the car; that Mrs. Curtis did not fail to exercise ordinary care in keeping a lookout for Dorothy while they were boarding the car; that the diseased condition of Dorothy's leg did not result from some cause other than getting her foot and leg caught in the step of appellant's car; that Mrs. Curtis did not fail to exercise ordinary care with respect to advising the motorman that Dorothy was yet to board the car; that Mrs. Curtis did not fail to exercise ordinary care in the matter of holding Dorothy while she was about to board the car; that Mrs. Curtis did not fail to exercise ordinary care in the matter of direct-

ing Dorothy's movements in boarding the car; that Mrs. Curtis did not fail to exercise ordinary care in leaving Dorothy upon the street unattended while she (Mrs. Curtis) boarded the car; that the motorman controlled the movement of the step or door which caught and injured Dorothy; that the injuries to Dorothy proximately resulted from negligence of the operator of the street car in causing the step to close on her foot and leg while she was boarding the street car, on or about August 25, 1929; that the street car was not equipped with a treadle door at the front end thereof; and that $11,000 would reasonably compensate Dorothy for the injuries received by her. Upon these findings, judgment was rendered for appellee in the sum of $11,000, and an appeal has been perfected to this court.

Appellant contends that the trial court should have instructed a verdict in its favor because the evidence wholly fails to show any actionable negligence on its part; that the judgment should have been set aside because the overwhelming weight of the evidence showed that Dorothy was not injured on August 25th, but only received a slight injury to her hand on May 27th from which osteomyelitis could not have developed; that the court erred in striking out appellant's plea of contributory negligence on the part of Dorothy Curtis; that the court erred in certain instructions given to the jury; that the court erred in refusing to permit appellant to ask Dr. Milliken certain questions as to what the book of Dr. Willis Campbell contained as to osteomyelitis; that certain arguments of appellee's counsel were inflammatory and prejudicial; and that certain answers of the jury were in conflict. After a careful examination of the whole record, we have concluded that the judgment must be reversed and the cause remanded because of the improper argument, and we shall first address ourselves to a consideration of those assignments and later in the opinion consider those which we deem it necessary to discuss in view of a reversal.

■ In opening argument counsel for appellee made the following statement: "This thing happened, Gentlemen, and it is somebody else's baby and not yours, and I asked you this question when you were impanneled as jurors and you remember it, if you will try this case just like you would want one tried for yourself, and you said you would. All right, that means that you take that little baby over there, sitting in the lap of her mother, injured as she is injured, (at this point plaintiff's counsel, John G. Wilson, pointed to and looked towards the minor plaintiff, Dorothy Curtis, who was sitting in the lap of her mother, Mrs. D. E. Curtis, at the counsel table, and was wearing over her diseased limb a steel brace extending from her foot to a point about midway between her knee and thigh) how much would it take to put your little baby, whose arms will go to your neck this evening as you come home and put a baby kiss upon your cheek, how much would it take to cause you to put your child in the position of that little baby over there?" And again in closing argument he stated: "Gentlemen of the Jury, I want you to go out to the jury room and give this child just such a verdict as you would want your child to have, and don't let the Street Railway send her away empty handed."

Exceptions to the above argument were taken after the argument was concluded and those exceptions are made the basis of appellant's fourteenth and fifteenth assignments of error. This argument was, we think, clearly improper, in that it appealed to the feeling of the jury, and we cannot say that it had no effect upon the jury in their determination of both the question of negligence and the amount awarded.

■ Unless we can say that, under the circumstances, it affirmatively appears that no prejudice resulted, it is our duty to reverse the judgment. Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 39 S.W.(2d) 1091; Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Behringer v. South Plains Coaches (Tex. Com. App.) 13 S.W.(2d) 334; Hubb Diggs Co. v. Bell, 116 Tex. 427, 293 S. W. 808.

In the case at bar it is not definitely shown that Dorothy has suffered any permanent injury or will suffer any permanent deformity or crookedness in her limb, therefore a judgment of $11,000 would certainly be subject to question on the ground of being excessive.

In view of the fact that the judgment must be reversed, it would be improper to enter into a discussion of the questions raised by appellant's first, second, third, and fourth propositions.

■ We are of opinion that the court properly sustained appellee's demurrer to appellant's plea of contributory negligence on the part of Dorothy. It is undisputed that she was only five years of age at the time in question, and we cannot believe that a child of such tender years could be held liable for her conduct in boarding a street car as the record here shows she was doing at the time. Texas & P. Ry. Co. v. Fletcher, 6 Tex. Civ. App. 736, 26 S. W. 446; Texas & N. O. R. Co. v. Brouillete, 61 Tex. Civ. App. 619, 130 S. W. 886 (writ refused); Cook v. Houston Direct Nav. Co., 76 Tex. 358, 13 S. W. 475, 18 Am. St. Rep. 52; Evansich v. Gulf, C. & S. F. Ry. Co., 57 Tex. 126, 44 Am. Rep. 586.

The court properly excluded the question addressed to Dr. Milliken as to what the text-book on orthopedic surgery, written by Dr. Willis Campbell, had to say as to the development of osteomyelitis. St. Louis, A. & T. Ry. Co. v. Jones (Tex. Sup.) 14 S. W. 309; Boehringer v. A. B. Richards Medicine Co., 9 Tex. Civ. App. 284, 29 S. W. 508; Burt v. State, 38 Tex. Cr. R. 397, 40 S. W. 1000, 43 S. W. 344, 39 L. R. A. 305, 330; Gulf, C. & S. F. R. Co. v. Farmer (Tex. Civ. App.) 108 S. W. 729.

In view of another trial it is unnecessary to discuss the remaining assignments.

The judgment is reversed, and the cause remanded for the reasons above stated.