## CURTIS v. DALLAS RY. & TERMINAL CO.

### No. 3013.

Court of Civil Appeals of Texas. El Paso.
July 12, 1934.

Rehearing Denied July 30, 1934.

John G. Wilson, of Dallas, for appellant.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellee.

PELPHREY, Chief Justice.

As stated in our former opinion in this case, 53 S.W.(2d) 85, D. E. Curtis, as next friend for his minor daughter, Dorothy Curtis, filed this suit in the district court of Dallas county to recover damages for personal injuries alleged to have been received by Dorothy while she was attempting to board a street car belonging to appellee, at which time it was alleged that the motorman closed the door and raised the step before Dorothy had time to enter the car, causing injuries to her leg, from which the disease osteomyelitis developed. The date was fixed in the petition as being on or about August 25, 1929, and the happening was alleged to have occurred on Junius Heights-Myrtle Line at a point where Elm street crosses Haskell avenue in the city of Dallas, Tex.

Appellant denied that Dorothy had ever been injured, but alleged that if she had, it was due to her failure to enter the car through the entrance door and while she was attempting to board the car through the exit door, a treadle door, over which appellee's operator had no control. It further denied that she had been caught in the step of the car and that she had been injured as alleged by appellant and that she was at any time ever injured in the manner and under the circumstances by her alleged. Appellee then alleged that prior to August 25, 1929, to wit, in the month of May, 1929, Mrs. Curtis did board one of appellee's street cars at the intersection of Elm street and Haskell avenue, and that, on that occasion, Dorothy did attempt to board the car through the exit door, so automatically operated, and in doing so, her hand and wrist were caught between the closing doors, but that at such time no injury resulted to her person.

Then followed allegations of the negligence of Mrs. Curtis which was alleged to have contributed to Dorothy's injuries, if any.

Issues 1 to 14, inclusive, inquired whether Dorothy attempted to board and become a passenger on a street car of the appellee on or about August 25, 1929; whether she was injured in the step of the entrance door of the street car, while attempting to board the car; whether the motorman failed to keep the door opened and the step lowered for a sufficient length of time to enable Dorothy to safely enter the car; whether such failure was negligence and a proximate cause of the injuries to Dorothy; whether the exit door of the car in question was of the type known as a treadle door; whether, on or about August 25, 1929, Dorothy was injured by having her foot and leg caught in a folding step in front of a treadle door; whether a treadle door car was a dangerous type of car for the use of Dorothy Curtis; whether the operation of such a car was negligence and a proximate cause of Dorothy's injuries; whether the motorman failed to keep a lookout for the safety of Dorothy; whether such failure to keep a lookout was negligence and a proximate cause of her injuries; and whether Dorothy's physical condition proximately resulted from injuries received by her on or about August 25, 1929.

The jury having answered issue No. 1 in the negative, in accordance with instructions, did not answer the following thirteen issues.

In response to issues Nos. 15 and 16, the jury found that Dorothy attempted to board a street car of appellee at the place in question, on or about May 27, 1929; and that her arm was caught in the treadle door of the car. It further found that the occurrence on May 27, 1929, was the only occasion on which Dorothy was ever caught while attempting to board a street car at the corner of Haskell and Elm streets; that Dorothy's injuries were not the result of an accident; that Mrs. Curtis failed to exercise ordinary care in the matter of assisting Dorothy to board the street car; that she failed to exercise ordinary care with respect to keeping a lookout for Dorothy while she was boarding the street car; that she failed to exercise ordinary care with respect to advising the motorman that Dorothy was yet to board the car; that she failed to exercise ordinary care in the matter of holding Dorothy while she was about to board the street car; that

she failed to exercise ordinary care in the matter of directing Dorothy's movements in attempting to board the car; that she failed to exercise ordinary care in leaving Dorothy unattended upon the street while she (Mrs. Curtis) was boarding the street car; that the diseased condition of Dorothy's leg resulted from some cause other than getting her foot and leg caught in the step of a street car on or about August 25, 1929; and that she was entitled to no compensation for injuries received by her resulting from the negligence of appellee.

From a judgment that appellant take nothing he has appealed.

## Opinion.

Appellant's first two propositions are that the court should have instructed a verdict in his favor or that the finding of the jury upon special issue No. 1 should have been set aside and a new trial granted.

We shall not here attempt to relate in detail the evidence bearing on the question raised by these two propositions, but we are of the opinion that the position taken by appellant is untenable.

■ Mrs. Curtis testified as to Dorothy being caught in the door of the street car; says she signed a witness card, and only one; that she lived on Sharon street in May, 1929; that the time when Dorothy was caught in the door and when she signed the witness card was in the latter part of August, 1929. She did not deny signing the card presented to her and admitted that it looked like her handwriting.

On the card presented to Mrs. Curtis there appeared:

"Mrs. D. E. Curtis

"2720 Sharon st.,

"Not operator's fault."

This card was identified by the witness De Loach as being the one signed by her on May 27, 1929.

De Loach testified to an occurrence in May when a little child had her arm caught in a treadle door on a car which he was operating. He identified Mrs. Curtis as being with the little girl and the person who signed the card above. These facts, together with other facts and circumstances, made an issue of fact as to whether Dorothy's injury occurred in May, as testified to by De Loach, or in August, as testified to by appellant's witnesses.

The jury's finding that she did not attempt to board the street car on or about August 25, 1929, found ample support in the facts and circumstances disclosed by the testimony here. The facts equally support the answers to issues 15, 16, and 17, to the effect that the occurrence took place on May 27th.

There was also ample evidence to justify a finding that Dorothy's diseased condition resulted from some cause other than getting her leg caught in the step of the street car on or about August 25, 1929.

The facts failing to show any negligence on the part of appellee, the jury properly found that Dorothy was entitled to no damages for it.

■ There was no error in overruling appellant's exception to the allegations of appellee as to the occurrence of May 27th. This was a matter which appellee was entitled to prove, and while it may have been unnecessary for it to be alleged, the alleging thereof constituted no error.

There are in appellant's brief numerous propositions directed at the court's charge. It would extend this opinion to an unreasonable length to attempt to discuss each of the objections in detail, and we shall content ourselves to say that if there be any error in the submission of such issues, it has been rendered harmless by the other findings of the jury.

■ The witness card was sufficiently identified to justify its introduction in evidence. The envelope containing the witness card, the operator's report, the daily report of Miss Holmes, and the report of Supervisor Henry, were all admissible in evidence. If error to permit their introduction, it was rendered harmless by permitting the introduction of other evidence to the same effect, without objection.

■ Appellant having failed to complain in the trial court as to the manner in which the first fourteen issues were submitted cannot now complain that the jury failed to answer issues 2 to 14.

Appellant's brief contains 61 assignments of error, with an equal number of propositions.

It would prolong this opinion to an unreasonable length for us to attempt to discuss each of those propositions in detail and we shall not do so. Suffice it to say that we have carefully read the briefs of the parties, the transcript, and statement of facts, and from that reading we have concluded that no reversible error is shown and that the judgment of the trial court should be affirmed.

The fact questions have been decided by

the jury adversely to appellant's claim, and we are bound by such decision.

Judgment affirmed.