## RAMMING v. HALSTEAD et al.

### No. 13080.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 14, 1934.

Rehearing Denied Jan. 11, 1935.

T. R. Boone and Kearby Peery, both of Wichita Falls, for appellant.

Luther Hoffman, of Wichita Falls, and Adair Rembert, of Dallas, for appellees.

DUNKLIN, Chief Justice.

While Ross Halstead was traveling north on a motorcycle on the east side of Lamar street, a public street in the city of Wichita Falls, his machine collided with an automobile driven by Frank Whitmire that was traveling south on the west side of the same street, but at the time of the collision had turned to the left and in an easterly direction in order to stop at a filling station fronting west and near the middle of the block, and the collision occurred while the automobile was headed in that direction. The collision occurred about 6 o'clock on the evening of February 23, 1931; it was dark, and a rain was falling which made visibility difficult. As a result of the collision Ross Halstead sustained serious injuries. Archie Ramming was riding in the automobile with

Frank Whitmire, the driver at the time of the collision.

Ross Halstead instituted this suit against Archie Ramming to recover damages for the injuries so sustained by him upon allegations of negligence on the part of both Whitmire and Ramming, which was the proximate cause of plaintiff's injury.

In answer to special issues the jury found that the turning of the automobile in question to the east at the time and under the circumstances already noted was negligence; that both Frank Whitmire and Archie Ramming were guilty of negligence in failing to keep a proper lookout for traffic headed in a northerly direction; that Archie Ramming was guilty of negligence in permitting the automobile to be driven on the east side of the street, and that the negligence in each of those particulars was the proximate cause of plaintiff's injuries; and that plaintiff had sustained damages as the result of his injuries in the sum of $9,500. There was a further finding that no light was burning on plaintiff's motorcycle on the occasion in question, but that the absence of such a light did not contribute to plaintiff's injuries. The jury also exonerated plaintiff from all charges of contributory negligence presented in defendants' answer.

At the time of plaintiff's injuries he was in the employ of the Allison Drug Company, a lawful subscriber to the Workmen's Compensation Law of Texas, who carried a policy of insurance with the Globe Indemnity Company. A compromise settlement was made by that company with the plaintiff which was duly approved by the Industrial Accident Board, for the aggregate sum of $1,648.35. Under the terms of that policy of insurance the Globe Indemnity Company was subrogated to the rights of Ross Halstead for damages which might be recovered by him in this suit, to the extent of the indemnity so paid, and the indemnity company intervened for that relief.

Judgment was rendered in favor of the plaintiff against Archie Ramming for $9,500 assessed by the jury, with an apportionment thereof in favor of the intervener for the amount claimed in the intervention. The defendant Archie Ramming has prosecuted this appeal.

The issue of whether or not Frank Whitmire in driving the automobile at the time of the accident was then acting in the capacity of servant of defendant Archie Ramming was never submitted to the jury, although the defendant by objections made to the issues submitted called to the attention of the trial court the necessity of the submission of that issue, and also presented to the court a request for the submission of an issue as to whether or not under the terms of Frank Whitmire's employment the defendant Archie Ramming had the right to direct the mode and manner of the performance of the work to be done by him.

The defendant also objected to the submission of issues Nos. 9, 10, and 11, inquiring whether or not defendant permitted the automobile to be driven on the east side of Lamar street at the time and place in question, and whether or not in so doing he was guilty of negligence, which was the proximate cause of plaintiff's injuries, in answer to all of which issues the jury found in plaintiff's favor. The objection to those issues was that by inference they assumed the existence of the relation of master and servant between the defendant and Frank Whitmire, with authority on the part of defendant to direct and control the manner in which the automobile was driven.

We have reached the conclusion that the assignments of error indicated above should be sustained, since the cause of action asserted in plaintiff's pleadings was specifically based on the theory that in driving the automobile on the occasion of the collision Frank Whitmire was acting as the servant of defendant, who was therefore liable for his negligence.

The testimony showed that appellant was a dealer in Royal Typewriters, and that Frank Whitmire was employed to sell them. Whitmire furnished his own automobile for transportation of those instruments as he traveled through the country, paying all of his expenses in making those trips, and receiving from the defendant a commission on any sales made by him. He was assigned certain territory within which to make the sales, but under the terms of employment the appellant did not have the right to direct when he would start out on a trip nor when he should return. Before starting on a trip, he would be charged on defendant's books with the typewriters taken out by him and would be given credit for the ones returned and for the proceeds of any sales made by him. On the occasion of the accident, appellant and Whitmire had decided to make a trip to a certain portion of Eastern Texas to determine whether or not Whitmire might probably succeed in making sales in that territory. The arrangement made was for appellant to go with Whitmire in the latter's

car, and the expenses of operating the automobile were to be shared by them equally. Whitmire was to do the driving, and was driving at the time of the accident. No witness testified to any agreement between Whitmire and Ramming that the latter would have the right to direct the former in the manner the automobile should be operated, and no one testified that defendant did in fact give any such directions.

The opinion of the Commission of Appeals in the case of National Cash Register Co. v. Rider, reported in 24 S.W.(2d) 28, 30, is in point here. Indeed, the facts of that case and the case at bar were quite similar. That case arose out of a collision between an automobile driven by Weeks and a wagon driven by plaintiff Rider, resulting in personal injuries to Rider and damage to his wagon. Weeks was employed by the National Cash Register Company to sell its cash registers on a commission basis, but in pursuit of that employment he exercised his own choice as to when and where he would go within a certain territory designated by the company; but if he should leave the territory or go on a vacation trip he was obligated to notify the company. Sales made by him were subject to confirmation by the company. The automobile he was driving was owned by him but had printed on the side "National Cash Register Company."

Rider recovered judgment against the National Cash Register Company for damages based on findings of the jury that the collision resulted from the negligence of Weeks in driving the automobile, and liability of the company was claimed on allegations in plaintiff's pleadings that Weeks was its employee. The trial court held that such agency was conclusively established, and therefore did not submit that issue to the jury; and the Court of Civil Appeals at Texarkana [13 S.W.(2d) 414] affirmed that judgment. But the Commission of Appeals reversed the judgments of the trial court and of the Court of Civil Appeals. That court reviewed the evidence and held that it was insufficient to establish such agency of Weeks. We quote the following from that opinion: "In every case which turns upon the nature of the relationship between the employer and the person employed, the essential question to be determined is whether the employer had the right to exercise control over the details of the work. 19 A. L. R. 240; King v. Galloway (Tex. Com. App.) 284 S. W. 942, 944. * * * That Weeks was paid upon a commission basis is not necessarily a material fact in this case. In Cunningham v. Railway Co., 51 Tex. 510, 32 Am. Rep. 632, the Supreme Court of this state says on this subject: 'In the first relation, that of master and servant, the master has the right to direct the conduct of the servant and the mode and manner of doing the work, and hence his corresponding liability for an improper execution of the same. * * * "He is deemed the master who has the supreme choice, control, and direction of the servant, and whose will the servant represents not merely in the ultimate result of the work, but in all its details." ' "

Other authorities to a like effect are then cited and discussed, and the Supreme Court not only adopted the conclusions reached, but further said: "We approve the holdings of the Commission of Appeals on the questions discussed in its opinion." See, also, the opinion of Justice Critz of the Commission of Appeals in Lone Star Gas Co. v. Kelly, 46 S.W.(2d) 656. 23 Tex. Jur. p. 545 et seq.

■ There was no error in the refusal of appellant's request for submission of a special issue as to whether or not Whitmire was his servant or agent, since that was in the nature of a general issue involving conclusions of law and fact rather than issues of fact necessary to establish the relation of master and servant.

■ Assignments of error are presented complaining of alleged improper argument to the jury by plaintiff's counsel. Since the judgment is to be reversed on other assignments already discussed, it is unnecessary to say more than to suggest that the same character of argument should be avoided on another trial. Pertinent to this suggestion, see G., C. & S. F. Ry. v. Carson (Tex. Civ. App.) 63 S.W.(2d) 1096; Dallas Railway & Terminal Co. v. Curtis (Tex. Civ. App.) 53 S.W.(2d) 85; Texas & Pac. Ry. Co. v. Edwards (Tex. Com. App.) 36 S.W.(2d) 477, and other authorities cited in the opinions in those cases condemning as improper argument appeals to jurors to place themselves in the shoes of a party to the suit in arriving at their verdicts, or informing them as to the effect certain findings by them will have on the judgment to be rendered.

■ Appellees contend that the evidence was sufficient to show that the driving of the automobile at the time of the collision was a part of a joint undertaking by Whitmire and Ramming, and that the judgment should be affirmed on that theory at all events. Appellant calls attention to the lack of pleading presenting that theory of recovery, and also

relies upon the following authorities, among others, to refute the merits of the contention: Huddy, Automobile Law (9th Ed.) vol. 5–6, p. 288, and decisions there cited, including an opinion of the Court of Appeals of. Georgia (Fuller v. Mills, 36 Ga. App. 357, 136 S. E. 807); 2 Cooley on Torts, pp. 1473–1475; Crescent Motor Co. v. Stone, 211 Ala. 516, 101 So. 49, 51; 20 R. C. L. p. 149. We do not determine the merits of the contention so presented by appellees. A sufficient answer thereto is the lack of pleading presenting it; the only theory of liability of appellees being predicated upon allegations that in driving the car Whitmire was acting as his servant and agent.

For the errors indicated, the judgment of the trial court is reversed and the cause is remanded.