**METROPOLITAN LIFE INS. CO. v. MOSS et al.**

No. 4795.

Court of Civil Appeals of Texas. Amarillo.

Oct. 11, 1937.

Rehearing Denied Nov. 15, 1937.

R. A. D. Morton and H. D. Stringer, both of El Paso, and Weldon F. Johnson, of Levelland, for appellant.

·Carl E. Ratliff and D. E. Magee, both óf Levelland, and Vickers & Campbell, of Lubbock, for appellees.

JACKSON, Chief Justice.

On February 1, 1934, the Metropolitan Life Insurance Company of New York, pursuant to an application therefor made in writing by Ira B. Moss, issued and delivered to him at his home in California

a life insurance policy, No. 10022424-A, in the sum of $1,190, payable to Daisy R. Moss, upon receipt by the company of proof of the prior death of the said Ira B. Moss. He died June 29, 1935, in Levelland, Hockley county, Tex., and proof of his death was made to the insurance company.

On January 15, 1936, the appellant, Metropolitan Life Insurance Company, instituted this suit in the district court of Hockley county against the appellees, Mrs. Daisy R. Moss and the children of herself and her deceased husband, to cancel said policy on account of the false representations alleged to have been made by the deceased in his written application to the company for the issuance of said policy. The specific fraudulent representations alleged and relied on by appellant to rescind the policy are contained in the special issues submitted to the jury and their answers, which we later set out.

The appellant pleaded the laws of the state of California and of the state of New York and claimed that its right to rescind the policy was governed by the laws of each and both of said states.

The appellees answered by general denial, and by way of cross-action, pleaded the policy, a compliance by the deceased and themselves with the terms and conditions thereof, and sought judgment for the amount thereof with legal interest, 12 per cent. damages, and attorneys' fees.

In answer to special issues submitted by the court, the jury found in effect that Ira B. Moss never, prior to December 19, 1933, changed his residence or left his work for more than a month on account of his health; that he had not had bronchitis, asthma, consumption, or disease of the lungs at any time prior to said date, and that he had not been attended by a physician during the five years preceding said December 19, 1933, for any complaint other than a slight attack of influenza; that appellant in issuing the policy relied on the representations made by the deceased in his application to the effect that he had not changed his residence or left his work for more than a month on account of his health, had not had bronchitis, asthma, consumption, or disease of the lungs and had not been treated by a physician during the five years preceding December 19, 1933, for any complaint other than an attack of influenza; and that appellant would not have issued the policy if such representa-

tions had not been made and its reliance thereon.

Upon these findings, the court refused to rescind the policy and rendered judgment that Daisy R. Moss on her cross-action have and recover of and from the appellant the sum of $1,284.60 principal and interest and all costs of suit.

The appellant urges as error the action of the court in admitting in evidence a copy of an application made to it by Ira B. Moss on December 30, 1932, and the report of the company's medical examiner, dated January 5, 1933, for a policy issued to him and numbered 1468950-A, over the objection that the same was irrelevant, immaterial, and prejudicial.

The appellant secured and offered the deposition testimony of its officer, Norman J. Peters, whose duty was to pass on applications for insurance when received at the head office of the company at San Francisco and determine if the applicant could be accepted for insurance. This officer testified that he had access to the records of the head office and that policy No. 1468950-A was issued on the life of Ira B. Moss on February 1, 1933, and canceled for nonpayment of premium on June 1st, thereafter. That he had before him the original application for said policy and attached a photostatic copy thereof to his deposition. With the application was the report of the medical examiner of the company, Dr. H. B. Graeser, in which he declared he had carefully examined Ira B. Moss, the applicant, on January 5, 1933, for insurance and that such examination showed no evidence of any disease or impairment of the brain or nervous system, the circulatory system, or the respiratory system, etc., and that he, the physician, considered the applicant a first-class risk.

The false representations alleged against the deceased are in his application dated December 19, 1933, on which policy No. 10022424-A, involved in this controversy, was issued. The alleged false statements relative to the health of the deceased and his treatment by a physician included the date of January 5, 1933, when Dr. H. B. Graeser stated in writing that the deceased was suffering from none of the diseases which appellant claims he had on December 19, 1933, but was in good health and a first-class risk. There is no contention that Dr. Graeser was not the medical examiner of the company and acting within the scope of his authority on the date he made this

examination for and this report to the company.

The statement of a physician acting within the scope of his authority as medical examiner for the company relative to the physical fitness of an applicant for insurance is admissible in evidence. Clarkston v. Metropolitan Life Ins. Co., 190 Mo.App. 624, 176 S.W. 437; Rhode v. Metropolitan Life Ins. Co., 129 Mich. 112, 88 N.W. 400; Id., 132 Mich. 503, 93 N.W. 1076; Perry v. John Hancock Mutual Life Ins. Co., 143 Mich. 290, 106 N.W. 860; Holloman v. Life Ins. Co., 12 Fed.Cas. 383, No. 6623; Mutual Benefit Life Insurance Co. v. Cannon, 48 Ind. 264.

In 37 C.J. page 625, par. 423, it is said: "The certificate, report, or record of the physician who examined insured for the insurance is competent evidence of insured's physical condition at that time, and is admissible for the purpose of impeaching or supporting statements in the application."

Thompson on Corporations (3d Ed.) Vol. 3, p. 290, par. 1730, is in part as follows: "The general rule is that the declarations and admissions of officers or agents are admissible in evidence for the purpose of binding the corporation, in the following instances: (1) When they relate to matters within the scope of the powers possessed by the officer or agent at the time; (2) when they are made officially in the professed or implied discharge of the duties of such agent or officer of the corporation; (3) when, with the other conditions, they are made with reference to some matter about which the officer or agent is in fact acting for it at the time."

On page 552, par. 228, 17 Tex.Jur. states the rule thus: "Statements, declarations or admissions of an agent or servant against the interest of the principal or master made in the course and scope of the agent's or servant's authority and employment, and in regard to an act or transaction pending at the time they were made, are admissible against the principal or master."

These texts are approved in West Texas Produce Co. v. Wilson et ux., 120 Tex. 35, 34 S.W.(2d) 827, and Osceola Oil Co. et al. v. Stewart Drilling Co. et al. (Tex. Com.App.) 258 S.W. 806.

The medical examiner is an agent of the company, and while his powers are limited, his acts and statements, within the scope of his authority, and his certificate as to the physical condition of an applicant for insurance, in the absence of fraud, are admissible against the company.

In First Texas Prudential Insurance Company v. Nute (Tex.Civ.App.) 53 S.W. (2d) 807, 808, the court says: "In such cases the rule seems to be well established that the medical examiner is an agent with limited powers, but his acts in and about the business intrusted to his care come within the same general rules of agency as to other special agents. Couch's Cyclopedia of Insurance Law, vol. 2, § 511; Joyce Law of Insurance (2d Ed.) vol. 1, § 412."

Since Dr. Graeser was the medical examiner of the company and acting within the scope of his authority when he examined and made the report to the company of the physical condition of the deceased on January 5, 1933, his declaration was in effect an admission by appellant that the deceased was not afflicted at that time and was a first-class insurance risk.

The rule is stated in Encyclopedia of Evidence, Vol. 7, page 535, subdivision B, as follows: "The admissions of the insurer or the assured under a property insurance policy, or the beneficiary under a life or accident policy, are competent evidence against him."

In 22 C.J. page 306, par. 344, it is said: "The principle that written admissions are competent has been applied to an almost endless variety of writings and documents, among which may be mentioned * * * a report of an accident to a casualty company, or an employers' liability insurance company, a report of an indemnity insurance company, that an employer complied with the law and had no dangerous machinery, etc.; * * * an application for life insurance; an application for membership in a beneficial order; proofs of death under an insurance policy; a death certificate issued by a board of health," etc. See, also, Taylor v. Grand Lodge, 101 Minn. 72, 111 N.W. 919, 11 L.R.A.(N.S.) 92, 118 Am.St.Rep. 606, 11 Ann.Cas. page 260, and the note thereunder.

The appellant was not estopped by the report of its medical examiner, nor was the statement therein conclusive against it, but we are of the opinion that the court correctly overruled the objections made to the admission of such testimony.

Appellant complains of the refusal of the court to direct a verdict in its behalf, contending that the evidence was in-

sufficient to warrant the jury in finding in favor of appellees on the issues submitted.

With the exception of the report of the medical examiner, which appellant sought to exclude, appellees' evidence consisted largely of the testimony of the wife and son of the deceased, and while the testimony on the issues was sharply controverted, this did not authorize a peremptory instruction, since it is reversible error for the court to instruct a verdict.

"If, disregarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff." Jackson v. Langford (Tex.Civ.App.) 60 S.W.(2d) 265, 267; and authorities cited; Texas Employers' Ins. Ass'n v. Ritchie (Tex.Civ.App.) 75 S.W.(2d) 942.

The attorney for appellees made this statement and appeal to the jury in his argument: "Gentlemen of the Jury: and you, Mr. Anderson, (Mr. I. L. Anderson being one of the jurors) there sets the widow and orphaned children of Ira B. Moss (indicating Mrs. Daisy R. Moss, widow of Ira B. Moss, and Ira B. Moss, Jr., and Caroline Moss Reeder, the children of Ira B. Moss, all of whom were seated in the courtroom and within view of the jury) and I ask you to do for them what you would have done for you in this case."

The objection to this argument, properly and timely made, was overruled and appellant presents an assignment of error based on its objection to such ruling of the court.

Addressing a juror by name constitutes a request to him by the attorney to consider the intimacy of the relationship existing between them in reaching his verdict. The appeal to the jury to do for the widow and orphans sitting before them what they would have a jury do for themselves under such conditions, was an attempt to and calculated to persuade the jury to forget their sworn duty, and not to reach a verdict from a preponderance of the evidence, but from the view point of a litigant or interested party.

In view of the testimony sharply controverting the issues found for appellees, this argument, which was entirely unwarranted, was, in our opinion, calculated to prejudice appellant's rights. This assign-ment is sustained. Dixie Motor Coach Corp. v. Galvan, 126 Tex. 109, 86 S.W.(2d) 633; Orchin v. Ft. Worth Poultry & Egg Co. (Tex.Civ.App.) 43 S.W.(2d) 308 (Writ Ref.); Brown Cracker & Candy Co. v. Castle (Tex.Civ.App.) 26 S.W.(2d) 435; Eagle Star & British Dominions Ins. Co. v. Head (Tex.Civ.App.) 47 S.W.(2d) 625; Allen v. Denk (Tex.Civ.App.) 87 S.W.(2d) 303; Gulf, C. & S. F. Ry. Co. v. Carson (Tex.Civ.App.) 63 S.W.(2d) 1096; City of Dallas v. Johnson (Tex.Civ.App.) 54 S.W.(2d) 1024; Dallas Ry. & Terminal Co. v. Smith (Tex.Civ.App.) 42 S.W.(2d) 794; Southwestern Teleg. & Tel. Co. v. Andrews (Tex.Civ.App.) 169 S.W. 218; Dallas Ry. & Terminal Co. v. Curtis (Tex.Civ.App.) 53 S.W.(2d) 85 (Writ Ref.); Ramming v. Halstead (Tex.Civ.App.) 77 S.W.(2d) 920 (Writ Dis.); Dallas Ry. & Terminal Co. v. Moore (Tex.Civ.App.) 52 S.W.(2d) 104; Dixie Motor Coach Corp. v. Swanson (Tex.Civ.App.) 41 S.W.(2d) 436, 440.

Under this record, we deem a discussion of the laws of New York or California unnecessary.

The judgment is reversed and the cause remanded.