**Lafe INGRAM, Plaintiff-Respondent,**

v.

**Roscoe CLEMENS and Anna Clemens, Defendants-Appellants.**

No. 23443.

Kansas City Court of Appeals.

Missouri.

Nov. 6, 1961.

Robert F. Sevier, Liberty, Virgil Conkling, III, Kansas City, for appellants.

Wilson D. Hill, Richmond, David D. Lodwick, Excelsior Springs, for respondent.

BROADDUS, Judge.

This is an action for a real estate commission. Plaintiff recovered a verdict and judgment against defendants in the sum of $2,400. Defendants have appealed.

Inasmuch as defendants do not contend that plaintiff did not make a submissible case we need not set forth the evidence in detail. The testimony disclosed that plaintiff Lafe Ingram is a licensed real estate broker having his office in Excelsior Springs; that the defendants Roscoe and Anna Clemens owned a 262 acre farm in Ray County; that defendants early in 1960 listed the farm with plaintiff under an exclusive listing which expired on April 8, 1960; that subsequent to that time the farm was listed with plaintiff under what is termed a general listing in which plaintiff was to receive a 5% commission on the sale of the property; that plaintiff advertised the farm for sale in the Kansas City Star and in another newspaper in Des Moines, Iowa; that he placed signs in the neighborhood of the property stating that the farm was for sale; that one of these signs was placed adjacent to Highway 10 approximately 300 yards from the Clemens home; that this was a large sign and read "Farm for Sale 250 acres more or less, Ingram Real Estate"; that in the latter part of May or the first of June, 1960, Mr. Hiram Jones came to plaintiff's office; that about a week later plaintiff took Mr. and Mrs. Jones to visit the Cle-

venger farm and they passed the Clemens farm on the way back; that when they came to the Clemens farm they stopped at its northwest corner, which is approximately 1600 feet from the improvements, but they could see the top of the barn and some of the farming and pasture ground; that plaintiff told Mr. Jones the price Mr. Clemens wanted per acre; that about June 15th Mr. Clemens came to plaintiff's office and plaintiff said to him "that if he was selling his farm to Mr. Jones that I had shown the farm to Mr. Jones and I felt entitled to my commission." On the following June 29th defendants sold the farm to Mr. and Mrs. Jones for the sum of $48,000.

■ Defendants first contention is that Instruction No. 1 given on behalf of plaintiff is erroneous because it failed to hypothesize facts from which the jury could find that the acts of plaintiff "were the procuring and inducing cause of the alleged sale and fails to require finding by the jury that the acts of the plaintiff were the procuring and inducing cause thereof."

The Instruction told the jury that if they found from the evidence that defendants listed their 262 acre farm near Excelsior Springs, Missouri, for sale with the plaintiff Lafe Ingram as their agent, and agreed with the plaintiff that if he would find a purchaser therefor, and a sale was made to said purchaser, the defendants Clemenses would pay to the plaintiff the sum of 5% commission on the sale price received therefor; and if the jury further found from the evidence that plaintiff did find one Hiram Jones and wife Anna L. Jones, and did procure the said Hiram Jones and Anna L. Jones as purchasers of the Clemens' farm and that the said Hiram Jones and Anna L. Jones did buy the Clemens' farm the verdict would be for plaintiff.

In our opinion the Instruction requires a finding of every fact essential to plaintiff's recovery. This view finds support in the case of Ross v. Major, 178 Mo.App.

431, 441, 442, 163 S.W. 880, 883, 884, where numerous decisions in support of the holding are cited.

■ Defendants also contend that Instruction No. 2 given at plaintiff's request is erroneous. This instruction informed the jury that it was only necessary, in order to recover in this case, for plaintiff to have found or procured the purchaser for the farm, after the same was placed in his hands for sale. It was not necessary for him to have conducted the sale; this may be done by the sellers themselves without the aid or presence of the plaintiff or his salesman.

All through the trial defendants' counsel made reference to the fact that plaintiff Ingram had not "closed the deal." Thus it was necessary for the Court to give the instruction in order to explain to the jury that plaintiff need not negotiate the actual terms of the sale, if he actually was the procuring cause. In the Ross case, supra, a similar instruction was approved. And the identical instruction met with approval in the case of Morgan v. Keller, 194 Mo. 663, 673, 92 S.W. 75. If the law were otherwise, the seller could promptly dismiss the realtor, once he learned a prospective buyer had been found or procured through the realtor's efforts, and preclude the realtor from "closing the deal" and thus save the commission.

■ Finally defendants contend that Instruction 4 is erroneous. It is not a verdict directing instruction. It is a well settled rule that all instructions must be considered together, and if, taken as a whole, they correctly declare the law, there is no reversible error. Reading this instruction together with the other instructions, especially Nos. 7 and 8 given on behalf of defendants, we fail to see how the jury could have been misled.

The judgment is affirmed.

All concur.