Roger Dale ANDERSON, a minor, etc.,
et al., Plaintiffs-Appellants,

v.

Chinda ROJANASATHIT, M.D., et al.,
Defendants-Respondents.

No. 49715.

Missouri Court of Appeals,
Eastern District,
Division Eight.

July 22, 1986.

Motion for Rehearing or Transfer to Supreme Court Denied Aug. 20, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Michael D. Stokes, Terry J. Flanagan, St. Louis, for plaintiffs-appellants.

Joseph M. Kortenhof, Cheryl A. Callis, St. Louis, for Chinda Rojanasathit, M.D., et al.

Joseph H. Mueller, Robyn Susan Greifzu, St. Louis, for DePaul Health Center and Dr. Chang.

KAROHL, Presiding Judge.

Plaintiff, Roger Dale Anderson, a minor, by and through his mother, Michele Anderson Parks, and plaintiff-mother, individually, appeal after a defendants' verdict in a medical malpractice case. Plaintiffs alleged that defendant doctors and health clinic failed to diagnose and treat plaintiff-mother's viral herpes condition and further could have but did not prevent plaintiff-Roger's contraction of the viral infection at birth. This caused permanent disability.

Prior to their marriage in 1983, Michele Anderson and Roger Parks lived together from spring until September, 1981. In June, 1981, the couple noticed small blisters on Roger's penis. A doctor diagnosed the condition as herpes. Michele testified that Roger only told her that he had a form of venereal disease. Michele stated that she visited defendant Dr. Rojanasathit June 23, 1981 to be examined for venereal disease

and pregnancy and to be given birth control pills. Dr. Rojanasathit testified that Michele's stated reason for the visit was to be checked for possible pregnancy and to receive birth control pills. Testimony conflicted as to whether Michele returned for a follow-up examination.

Michele discovered her pregnancy sometime in September, 1981. She subsequently moved back into her parents' home. She began prenatal treatment at DePaul Health Center in November. Michele saw defendant Dr. Chang for over half of her prenatal visits. In December, Roger had a second outbreak of the blisters. Michele testified that she was concerned and asked Dr. Chang to examine her for venereal disease at her December visit and that he replied wait until next visit. Dr. Chang testified that Michele never mentioned at any visit that she or her boyfriend had any kind of venereal disease.

Defendant Dr. Roberts saw Michele once, on January 2, 1982. Dr. Roberts testified that Michele said her boyfriend had a form of gonorrhea. Dr. Roberts tested Michele for syphillis and gonorrhea and began treatment for gonorrhea. When the test results were negative, Michele stated that she regarded herself healthy and safe from this time on until baby Roger's diagnosis.

Plaintiff Roger Anderson was born normally through the birth canal on May 13, 1982 at DePaul. Two weeks later he became ill and was diagnosed to be suffering from herpes encephalitis which caused extensive brain damage. No notation regarding venereal disease or herpes appears in any of Michele's medical records prior to plaintiff Roger's diagnosis on June 4, 1982. Medical testimony indicated that virtually all cases of neonatal herpes result from delivery through the birth canal of an infected mother. If a caesarian section delivery had been performed, plaintiff Roger probably would not have contracted herpes. The plaintiff is blind, deaf, and partially paralyzed. Expenses for required care are and will be extensive.

Before trial plaintiffs' counsel made two oral motions in limine to the court. The first motion sought to exclude any evidence of Michele's use of cocaine prior to her pregnancy. The court denied the motion. At trial, the *plaintiffs'* attorney directly questioned Michele about her drug use. The second motion sought to exclude witness Roger Dale Parks' prior plea of guilty to burglary for which he received a suspended imposition of sentence. The court denied this motion. Plaintiffs' attorney renewed the motion prior to calling the witness in court. The court again denied the motion. During direct examination of Roger Parks, *plaintiffs'* attorney asked the witness about his guilty plea as well as a prior conviction for burglary. The jury returned verdicts in favor of all the defendants.

Plaintiffs submit two claims on appeal: (1) that the trial judge erred in overruling the motion in limine to exclude evidence of Michele's use of cocaine; and (2) that the trial judge erred in overruling the motion in limine to exclude witness Roger's prior plea of guilty to burglary with suspended imposition of sentence. On appeal plaintiffs contend that the judge's rulings on the motions forced a trial strategy which elicited the undesirable information during direct examination.

 Generally, a motion in limine preserves nothing for review. *State v. Hurd*, 657 S.W.2d 337, 341 (Mo.App.1983). A pretrial ruling is interlocutory only and is subject to change when additional information is produced at trial. *Annin v. Bi-State Development Agency*, 657 S.W.2d 382, 385 (Mo.App.1983). Therefore, after a denial of a motion in limine, an objection must be made at trial to preserve the point for appellate review. *State v. Makenson*, 679 S.W.2d 427, 429 (Mo.App.1984).

 In the case before us, the disputed evidence was introduced during direct examination of Michele and Roger Parks. A party may not complain about matters he brings before the jury. *Frye v. Meramec Marina*, 673 S.W.2d 451, 454 (Mo.App. 1984). By eliciting direct testimony of Mi-

chele's cocaine use and Roger Parks' prior offenses, plaintiffs waived their right to challenge the admissibility of such testimony. A ·party cannot take advantage of self-invited error. *State v. Kelly*, 689 S.W.2d 639, 640 (Mo.App.1985).

We review for trial court error. A trial court cannot prevent plaintiff from presenting relevant evidence in the presentation of a civil claim. Nor can a plaintiff claim error for the admission of his own evidence. Plaintiffs' remedy was to resist and preserve error on matters considered in the ruling on the motion in limine, if any.

Judgment affirmed.

SIMON, J., and DOUGLAS W. GREENE, Special Judge, concur.