**FLO–PRODUCTS CO.,**
Plaintiff-Respondent,

v.

**VALLEY FARMS DAIRY COMPANY,**
Defendant-Appellant.

No. 50331.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 21, 1986.

Michael Douglas Garner, Private Atty., St. Louis, for defendant-appellant.

Richard Samuel McConnell, Private Atty., Clayton, for plaintiff-respondent.

DOWD, Judge.

In this action on account for the sale of three specially manufactured hydraulic cylinders, defendant Valley Farms Dairy Company appeals from the trial court's entry of judgment in accordance with a jury verdict for plaintiff in the amount of $4,606.74 plus nine percent interest. The trial court denied defendant's motion for judgment not-

withstanding the verdict or in the alternative for new trial.

On September 29, 1982, the maintenance supervisor for defendant Valley Farms Dairy spoke by telephone with a Flo-Products sales representative concerning Flo-Products' ability to supply three replacement hydraulic cylinders for the dairy's packaging machine. Plaintiff's sales representative testified that after talking to the manufacturer, he quoted defendant's maintenance supervisor a price of $1,538.58 per cylinder. The sales representative's telephone log supported his recollection of the conversation and related defendant's purchase order number as confirming the order.

Defendant's maintenance supervisor testified plaintiff's sales representative quoted him a price of "fifteen thirty-six" which he understood to be $15.36. The Flo-Products sales representative testified it was customary practice of the industry to quote a price by stating the total dollars as well as cents and not to round off.

Plaintiff shipped the three cylinders to defendant along with an invoice for $1,535.58 per cylinder or $4,606.74 total. Defendant returned the cylinders to plaintiff but plaintiff refused to accept them. The cylinders at the time of trial were in possession of defendant but were not in use. Plaintiff's evidence showed it paid the manufacturer $2,684.10 to specially produce the cylinders. Defendant refused to pay plaintiff the $4,606.74 as billed.

Plaintiff filed suit against Valley Farms alleging breach of contract and an action on account. The cause was submitted to the jury as an action on account. The jury was instructed pursuant to MAI 26.03 which directed the jury to find for plaintiff if they believe plaintiff furnished the cylinders at defendant's request and that the charges for the cylinders were reasonable. Defendant requested the court to instruct the jury that "meeting of the minds" was a necessary element of plaintiff's case but the court refused the instruction.

Defendant alleges the trial court erred: (1) In instructing the jury according to MAI 26.03 because the instruction authorizes an award based on a measurement different from that agreed upon by the parties, and (2) in refusing to give defendant's requested instruction on "meeting of the minds." Because we reverse on point two, it is not necessary that we consider defendant's first point of error.

■ An action on account is a suit in contract. *Coca-Cola Bottling Co. v. Groeper,* 691 S.W.2d 395, 397 (Mo.App.1985). "Meeting of the minds" is a necessary element to the making of a contract. *Fulton v. Bailey,* 413 S.W.2d 514, 518 (Mo.1967); *Elliott v. Johnston,* 673 S.W.2d 807, 809 (Mo.App.1984). In the usual suit on account, a "meeting of the minds" is not a controverted issue and need not be instructed on. But here a "meeting of the minds" as to price was a controverted issue. For a verdict-directing instruction in favor of plaintiff to be acceptable, it must require the jury to find all the necessary elements of plaintiff's case except for uncontroverted facts. *Galemore Motor Co. v. State Farm Mutual Automobile Insurance Co.,* 513 S.W.2d 161, 167 (Mo.App. 1974). It is reversible error for an instruction to assume or ignore a controverted fact. *Charles F. Curry & Co. v. Hedrick,* 378 S.W.2d 522, 532 (Mo.1964); *Kettler v. Hampton,* 365 S.W.2d 518, 522 (Mo.1963).

■ The discrepancy in the parties' understanding of the price term remained a controverted fact throughout the trial. Plaintiff Flo-Products Co. chose to submit its case to the jury as an action on account and the jury was instructed under MAI No. 26.03 (3d ed.) without modification. MAI 26.03 requires the jury to find for plaintiff if they believe: 1) Defendant requested plaintiff to furnish the goods, 2) Plaintiff furnished the goods to defendant, and 3) Plaintiff's charges were reasonable. Instructing the jury under MAI 26.03, without modification, under these circumstances resulted in a directed verdict for plaintiff without the only controverted issue of the case ever being before the jury.

The proper procedure would have been for plaintiff to have submitted the case as an action for breach of a bilateral contract. Any prejudice to defendant, however, could have been cured had the trial court instructed the jury on "meeting of the minds" as a necessary element of a modified MAI 26.03 action on account, or as an affirmative defense to an action on account. Because the only controverted issue of the case was never before the jury, we reverse and remand for a new trial in accordance with this opinion.

SMITH, P.J., and REINHARD, J., concur.