Roger A. WILLIAMS, Respondent,

v.

Marvin ENOCHS, et al., Appellants.

No. 69118.

Supreme Court of Missouri,
En Banc.

Dec. 15, 1987.

Rehearing Denied Jan. 20, 1988.

**166**

William M. Modrcin, W. Robert King, Kansas City, for respondent.

Robert A. Henderson, Roger P. Wright, Kansas City, for appellants.

DONNELLY, Judge.

This is a case in quantum meruit to recover a real estate commission. Plaintiff was awarded $297,754 after trial by jury. The Court of Appeals affirmed and this Court accepted transfer to decide the case as on original appeal. Mo. Const. art. V, § 10.

### I.

In light of appellants' attack on the submissibility of this case, we first conduct a brief review of the evidence and "will review the evidence in the light most favorable to the plaintiff, giving him all the reasonable inferences arising from the evidence." *Esmar v. Zurich Ins. Co.*, 485 S.W.2d 417, 418 (Mo.1972).

Appellants, business partners, owned 2000 acres of farmland in Platte County, known as Parkville Farms. For several years they had engaged various brokers to list it for sale without locating a buyer.

Respondent broker first learned of the property while employed as a sales agent with Oppenheimer Industries, Inc., an agri-investment firm. Oppenheimer secured from appellants an exclusive one-year listing to market Parkville Farms effective

April 1980. Soon after that listing expired in 1981, respondent left Oppenheimer to start his own realty business, Fountainhead Land Brokerage and Investments. He immediately launched an attempt to market Parkville Farms, obtaining from appellant Enochs an oral listing on the property. Enochs agreed that respondent would receive a percentage of the sales price as his commission should Williams procure a buyer.

Respondent thereafter met with W.K. Jenkins, who had looked at the farm sometime prior to 1980 but expressed no interest in purchasing, believing the land to be overpriced.[1] Jenkins now was interested in acquiring the property, and through Williams proposed to appellants various purchase and exchange transactions to that end. Appellants rejected all these offers but one, which itself never came to fruition due to an intervening cash offer that temporarily interrupted negotiations between appellants and Jenkins.

Upon learning the cash offer had fallen through, respondent proposed the idea of financing a sale-purchase through use of tax-free industrial bonds. Appellants found this idea appealing, and in response Williams drafted a tentative buy-sell agreement incorporating the bond-finance proposal.[2]

Productive negotiations followed, but as the preliminaries were concluding, a dispute arose reference Williams' commission. Appellants no longer would consider remitting a percentage of the final sales price as compensation. Rather, they made respondent successive flat fee offers of $75,000, $100,000 and $125,000. Williams rejected these offers, insisting he was entitled to a percentage-based fee.

Appellants excluded respondent from further negotiations, and began dealing with Jenkins directly. Over the next several months, legal arrangements were made

for the bonds to issue. The parties closed the sale in December 1983. Williams received no commission, and brought this action. At trial, he introduced expert testimony that his bond proposal was nearly identical in critical respects to that actually agreed upon by the parties at closing.

■ Appellants maintain that Williams failed to show his efforts constituted the "procuring cause" of the sale of Parkville Farms. Procuring cause is a *sine qua non* of quantum meruit recovery of a real estate commission. *Zabol v. Lasky*, 555 S.W. 2d 299, 304 (Mo. banc 1977).

> For a real estate broker's services to constitute the "procuring cause" of a sale, the broker's initial efforts in calling the prospective purchaser's attention to the property must have set in motion a series of events which, without break in continuity and without interruption in negotiations, eventually culminates in the sale.

*Staubus v. Reid*, 652 S.W.2d 293, 296 (Mo. App.1983).

■ Appellants point to a temporal "gap" in respondent's evidence, that period between December 1981 and December 1983 during which Williams had no further input in negotiations leading to the eventual sale. Appellants suggest there was no proof that the parties continued to negotiate without interruption during this period. We disagree. Respondent's evidence indicates any delay was produced, not by impasse in negotiations, but reservations of appellants' legal counsel with reference to the various bond formats proposed for financing the sale. This evidence also suggests the parties themselves at no time broke off negotiations or gave up on the industrial bond device, for both of which respondent was the catalyst. Thus, we conclude, a submissible case was made. *Cf. Zabol v. Lasky*, 555 S.W.2d 299 (Mo. banc 1977) (purchase of office building

---

1. Jenkins, according to respondent's evidence, never had dealt through Oppenheimer with reference to the property, but first looked at Parkville Farms at the suggestion of an acquaintance. Jenkins inspected the property before Oppenheimer had obtained its one-year exclusive listing.

2. Among the contract items incorporating the bond proposal appeared the following clause:
   Seller and buyer represent to each other that they have dealt only with Fountainhead Land Brokerage and Investments, and insofar as they know, no other broker is entitled to any commission payable in connection with this transaction. It is also agreed that seller shall pay the commission.

prompted by causes other than broker's initial efforts; procuring cause lacking); *Cornet & Zeibig, Inc. v. 430 Withers Realty Co.*, 415 S.W.2d 751 (Mo. banc 1967) (broker's responsibility only to locate a willing buyer, not to ensure sale was consummated by leading parties through negotiations; procuring cause found).

## II.

◼ Appellants next argue it was error for the trial court to receive testimony, over objection, concerning the total amount appellants eventually obtained for the sale of Parkville Farms. They claim this evidence was irrelevant to plaintiff's quantum meruit claim, and that its repeated emphasis was highly prejudicial.

The evidence was offered in connection with an economist's comparison of respondent's proposed bond financing plan and the financing arrangement later used in the actual sale. The purpose was to identify similarities between the plan adopted and the plan respondent proposed. As such, the evidence was relevant to the issue of "procuring cause". *See Jones & Co. v. Bishop*, 664 S.W.2d 253, 255 (Mo.App.1984); *compare Suburban Realty Co. v. Sturgeon*, 443 S.W.2d 7, 12–13 (Mo.App.1969).

## III.

◼ Appellants made an unsuccessful motion *in limine* to have excluded all reference to offers of compromise made to respondent. At trial, respondent introduced, without objection, testimony highlighting these offers. Like testimony was adduced from appellants Hoch and Enochs. On these facts no cognizable error was preserved. *Compare Anderson v. Rojanasathit*, 714 S.W.2d 894, 895–96 (Mo.App. 1986); *see also, e.g., Sparks v. Consolidated Aluminum Co.*, 679 S.W.2d 348, 352 (Mo.App.1984); *Robbins v. Jewish Hospital of St. Louis*, 663 S.W.2d 341, 348 (Mo.App. 1983) (interlocutory nature of ruling on motion *in limine* necessitates objection to evidence when offered at trial, or nothing preserved for appellate review).

## IV.

By Instruction 5, the jury was directed:

Your verdict must be for plaintiff if you believe:

First, plaintiff furnished real estate broker services regarding the sale of Parkville Farms to Defendants, and

Second, defendants accepted such services.

Appellants first objected to this instruction in their motion for new trial under authority of Rule 70.03. We hold the instruction was given erroneously and that the error is prejudicial. Rule 70.02.

◼ Omitting from a verdict director disputed facts underlying essential elements of a claim is reversible error. *Kettler v. Hampton*, 365 S.W.2d 518, 522 (Mo. 1963); *Vasquez v. Village Center, Inc.*, 362 S.W.2d 588, 595 (Mo.1962); *Flo–Products Co. v. Valley Farms Dairy*, 718 S.W.2d 207, 208 (Mo.App.1986). As indicated above, essential to quantum meruit recovery of a real estate commission is proof of the element of procuring cause, reference to which the court omitted from its submission. Respondent urges this was not prejudicial error, since the words "furnished real estate broker services regarding the sale of Parkville Farms to defendants" sufficiently incorporated the notion. In fact, respondent maintains that "[t]he only real estate broker services which could be furnished by plaintiff and accepted by defendants" in this case were services constituting "procuring cause".

We reaffirm "[i]t is not essential that the precise words 'procuring cause' be used in an instruction", and that "other words of the same import and *clearly expressing* the same thought will suffice." *Moffett v. Butler Mfg. Co.*, 46 S.W.2d 869, 871 (Mo. 1932) (emphasis ours). We disagree, however, that this principle has application here.

In assessing the submission, we focus not on what the evidence may have shown, but the latitude given the jury by the submission's wording, measured against the concept's accepted legal breadth. We conclude that "[a]ll of the facts submitted in the instruction quoted might be resolved in favor of the contention of plaintiff, and still it might be true that his efforts as the

agent of the defendant were not the procuring cause of the sale." *Bailey v. Hercules,* 22 S.W.2d 855, 857 (Mo.App.1930); *Ross v. Major,* 178 Mo.App. 431, 442, 163 S.W. 880, 883–84 (1914); *Russell v. Poor,* 133 Mo.App. 723, 728, 119 S.W. 433, 434–45 (1908).

Past decisions have embodied appellate approval of instructions directing that if plaintiff-agent "did procure" a purchaser, he could recover his commission. *Ingram v. Clemens,* 350 S.W.2d 823, 824 (Mo.App. 1961); *cf. Reitz v. Oglebay,* 215 Mo.App. 611, 615, 617, 251 S.W. 771, 772, 773 (1923). Similar approval has been given submissions that the agent "did secure a purchaser", *Vining v. Mo–La Oil Co.,* 312 Mo. 30, 48–50, 278 S.W. 747, 752–53 (1925); *Ross v. Major,* 178 Mo.App. 431, 442–43, 163 S.W. 880, 884 (1914); or that "as a direct result" of the agent's efforts a sale was made, *Moffett v. Butler Mfg. Co.,* 46 S.W.2d 869, 871–72 (Mo.1932). But a submission predicating recovery only on some remote connection with the sale has been held insufficient. *Low v. Paddock,* 220 S.W. 969, 971 (Mo.App.1920) (entitlement to commission does not follow of necessity from "instrumental" involvement in sale). Also found defective have been instructions which failed, in essence, to submit more than a required finding that plaintiff was "one of a chain of causes" of an eventual sale. *Schuerer v. Eichelberger,* 203 Mo.App. 635, 640–41, 227 S.W. 622, 624 (1921); *see also Bailey v. Hercules,* 22 S.W.2d 855 (Mo.App.1930); *English v. Page,* 236 S.W. 392, 393 (Mo.App.1922).

Adopting respondent's argument would eviscerate the procuring cause concept. Section 339.010, RSMo 1986 [3] indicates the unacceptable breadth of the position, all the more untenable in cases which involve competing claims to a comission:

> Where two parties have assisted in the sale, usually each one has done something to promote or move forward the transaction, and it is often extremely difficult for the jury to decide whose efforts were the proximate and efficient cause of the sale, so necessarily the instructions on the subject should not be misleading, but exact in terms.

*English v. Page,* 236 S.W. at 393. We believe the jury should have been instructed through the incorporation of MAI3d 29.-02 with MAI3d 26.05 as follows:

> Your verdict must be for plaintiff if you believe:
>
> First, plaintiff was a licensed real estate broker, and
>
> Second, plaintiff furnished real estate broker services regarding the sale of Parkville Farms to defendants, and
>
> Third, defendant accepted such services, and
>
> Fourth, defendant sold the property as a direct result of plaintiff's efforts.

The judgment is reversed and the cause is remanded for new trial.

---

3. 339.010. Definitions—applicability of chapter

1. A "real estate broker" is any person, co-partnership, association or corporation, foreign or domestic who, for another, and for a compensation or valuable consideration, as a whole or partial vocation *does, or attempts to do,* any or all of the following:

(1) Sells, exchanges, purchases, rents, or leases real estate;

(2) Offers to sell, exchange, purchase, rent or lease real estate;

(3) *Negotiates or offers or agrees to negotiate* the sale, exchange, purchase, rental or leasing of real estate;

(4) Lists or offers or agrees to list real estate for sale, lease, rental or exchange;

(5) Buys, sells, offers to buy or sell or otherwise deals in options on real estate or improvements thereon;

...;

(7) Assists or directs in the procuring of prospects, calculated to result in the sale, exchange, leasing or rental of real estate;

(8) Assists or directs in the negotiation of any transaction *calculated or intended to result in* the sale, exchange, leasing or rental of real estate;

(9) Engages in the business of charging an advance fee in connection with any contract whereby he undertakes to promote the sale of real estate either through its listing in a publication issued for such purpose or for referral of information concerning such real estate to brokers or both;

(10) Negotiates or offers to negotiate a loan secured or to be secured by a deed of trust or mortgage;

....

(emphasis ours).

BILLINGS, C.J., and BLACKMAR, ROBERTSON, RENDLEN and HIGGINS, JJ., concur.

WELLIVER, J., dissents in separate opinion filed.

WELLIVER, Judge, dissenting.

I respectfully dissent. The instruction proposed by the principal opinion omits reference to the most important element required to be proved by plaintiff—that an "employment relationship" existed between the owner of the property and the plaintiff broker suing for a real estate commission based upon quantum meruit. *Ham v. Morris*, 711 S.W.2d 187 (Mo. banc 1986).

Not only must there be compliance with a listing agreement, the broker must also prove the necessary causal connection between the sale and the broker's efforts. "A broker is not entitled to recover a commission when his efforts merely produced one event in a chain of actions which contributed to a sale of the listed real property. His efforts must be *the primary, predominant, efficient, or procuring cause* of the transaction or transfer." D. Burke, *supra*, at § 3.4 (emphasis added). *E.g., Zabol v. Lasky*, 555 S.W.2d 299, 304 (Mo. banc 1977); *E.A. Strout Realty Agency, Inc. v. McKelvy, supra*, [424 S.W.2d 98] at 101–04. In *Kohn v. Cohn*, 567 S.W.2d 441 (Mo.App.1979), the court stated this general rule:

The broker has the burden to prove that an employment relationship existed between the owner and himself and that he was the efficient or procuring cause of the sale. If both the contract and the causation are established, the broker is entitled to reasonable compensation for his services. *Smith v. Piper*, 423 S.W.2d 22 (Mo.App.1967); *Ballentine v. Mercer*, 130 Mo.App. 605, 109 S.W.2d 1037 (1908). In the absence of a contract of employment between the broker and the owner, the owner is not obligated to pay a commission even if the broker was the efficient cause of a sale which is later con-

summated. *Windsor v. International Life Ins. Co.*, 325 Mo. 772, 29 S.W.2d 1112 (1930); *Longmire v. Diagraph–Bradley Stencil Mach. Corp.*, 176 S.W. 2d 635 (Mo.App.1944); *Ballentine v. Mercer, supra*. See also Restatement (2d) of Agency § 442, comment (a). A broker who is a mere volunteer is entitled to no compensation for services gratuitously rendered. A contract of employment is the essential element for recovery. *Hoover v. Whisner*, 373 S.W.2d 176 (Mo.App.1963).

*Ham v. Morris*, 711 S.W.2d 187, 190 (Mo. banc 1986) quoting *Kohn v. Cohn, supra*, at 446 (footnote omitted).

The principal opinion ignores the reality of the world of real estate and instead of letting the real estate salesman arbitrate the question of who was the procuring cause of the sale and who is entitled to the commission, it makes every seller of real estate subject to questionable suits based on a theory of quantum meruit.

Under *Ham*, I do not believe a submissible case is made. The cause should be reversed outright.